**Ex parte Billy Wayne ALEXANDER, Jr.**

**No. 66250.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Dec. 17, 1980.

Floyd D. Holder, Jr., Lubbock, for appellant.

John T. Montford, Dist. Atty. and Marvin Williams, Jr., Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order entered in a habeas corpus proceeding denying the appellant bail. Appellant has been indicted for the capital murder of Department of Public Safety Trooper Jerry Don Davis in Slaton on October 5, 1980.

Appellant contends that the trial court erred in finding the proof to be evident that a jury would return the findings under Art. 37.071, V.A.C.C.P., which would require the imposition of the death penalty. He maintains that proof is not evident that he would commit future acts of violence because the State failed to produce any psychiatric testimony on the probability of future acts of violence and he was not shown to have a prior criminal record.

In a proceeding of this type, it is the practice of this Court not to set out the facts in detail or comment on the sufficiency of the evidence prior to trial on the merits. At the habeas hearing, two Lubbock police officers testified that appellant's reputation as a peaceful and law— abiding citizen was bad. It was stated that appellant made his living selling narcotics and that he was a former heroin addict. Appellant's girlfriend, Elainnia Hill, stated that appellant injected diluadid daily and that he had once fired a pistol at her while he was on drugs. She further stated that appellant had assaulted her on numerous occasions. It was further shown that appellant had participated in an insurance fraud scheme involving the theft of an automobile and once instructed Hill to use a stolen credit card.

Briefly, the facts of the offense for which appellant stands indicted are that appellant shot and killed Davis in Davis' patrol car.

Davis had stopped appellant for speeding. Appellant was in a car which had been reported stolen in order to obtain insurance proceeds.

Art. I, Sec. 11, of the State Constitution and Art. 1.07, V.A.C.C.P., both provide that all prisoners are entitled to bail except those charged with a capital offense "when the proof is evident."

■ The term "proof is evident" means that the evidence is clear and strong, leading a well–guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed; that the accused is the guilty party; and that the accused will not only be convicted but that the jury will return findings which will require a sentence of death. *Ex parte Wilson*, 527 S.W.2d 310, and numerous cases there cited.

■ The burden of proof is on the State to establish that the proof is evident. *Ex parte Wilson*, supra; *Ex parte Sierra*, 514 S.W.2d 760; *Ex parte Forbes*, 474 S.W.2d 690; *Ex parte Paul*, 420 S.W.2d 956. This burden requires the State in hearings of this nature not only to introduce evidence that the jury would convict the accused but would return the findings required under Art. 37.071, V.A.C.C.P., which would require the imposition of the death sentence. See *Ex parte Wilson*, supra; *Ex parte Sierra*, supra.

■ While the decision of the trial judge that the proof is evident is entitled to weight on appeal, nevertheless it is the duty of this Court to examine the evidence and determine if bail was properly denied. *Ex parte Wilson*, supra; *Ex parte Hickox*, 90 Tex.Cr. 139, 233 S.W. 1100.

■ The circumstances of the capital offense itself, if severe enough, can be sufficient to sustain an affirmative finding as to probability of future acts of violence. *Muniz v. State*, 573 S.W.2d 792. We have held that a defendant's background and use of narcotics are probative as to whether he will constitute a continuing threat to society. *Brock v. State*, 556 S.W.2d 309. Unadjudicated extraneous offenses are also relevant to a defendant's propensity to commit future acts of violence. *Garcia v. State*, 581 S.W.2d 168. Reputation testimony for being a peaceful and law–abiding citizen is also probative. *Brock v. State*, supra.

■ We have held that the existence of a prior criminal record is not essential to a jury's finding that a capital defendant would constitute a continuing threat to society. *Adams v. State*, 577 S.W.2d 717. Likewise, there is no requirement for the State to present psychiatric testimony relative to future acts of violence. *Burns v. State*, 556 S.W.2d 270.

■ The evidence in the instant case reveals a prolonged involvement with narcotics both for personal consumption and sale as a way of livelihood. There was evidence concerning extraneous offenses involving assaultive conduct and property offenses. The State produced evidence concerning appellant's reputation. Finally, the State produced evidence of the murder of a police officer following a routine traffic stop for speeding. We conclude that the trial court did not err in finding proof evident that a jury would answer in the affirmative to the question of whether there is a probability that the appellant would commit criminal acts of violence that would constitute a continuing threat to society.

Appellant next contends that the trial court erred in finding proof evident that the jury would answer in the affirmative to the question of whether the conduct of appellant which caused the death of Davis was committed deliberately and with the reasonable expectation that the death of Davis would result from that conduct.

Evidence at the habeas hearing revealed that after Davis stopped appellant's car, he placed appellant in his patrol car. Davis then returned to appellant's car and retrieved a gun case from under the front seat. Davis returned to his car with the gun case and then came back to appellant's car to obtain the vehicle identification number. Davis then returned to his own car for the third time. In Davis' absence, appellant had obtained the gun and loaded it with a

single shell. Some two or three minutes after returning to the patrol car, Davis was shot in the face at close range with a .357 magnum revolver. At the time Davis' body was found, his service revolver was still in his holster with the holster strap secured.

In *Milton v. State*, 599 S.W.2d 824, we found the evidence on the issue of "deliberateness" sufficient when it was shown that the defendant continually attempted to point a weapon at the deceased but was prevented from doing so by a third party until the fatal discharge. In *Smith v. State*, 540 S.W.2d 693, it was found that conduct was committed deliberately when there was no evidence that the defendant was under the domination of anyone, nor was he under any mental or emotional pressure.

Appellant's acts were shown to have been deliberate to the extent of obtaining and loading his weapon in anticipation of Davis returning to the patrol car. Moreover, it appears to be a reasonable expectation that death will result when a victim is shot in the head at close range with a .357 magnum revolver. We conclude that the trial court did not err in finding proof evident that a jury would answer in the affirmative to the question of whether the conduct of appellant that caused the death of Davis was committed deliberately and with the reasonable expectation that the death of Davis would result from that conduct.

The order of the trial court denying bail is affirmed.