Federico RIVERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–285–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 31, 1986.

Gilberto E. Rosas, Brownsville, for appellant.

Benjamin Euresti, Jr., Dist. Attorney's Office, Brownsville, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

The court denied appellant bail after a proof evident hearing on May 6, 1986. Appellant was indicted on two counts of capital murder. The indictment alleges that appellant intentionally and knowingly caused the deaths of Keith and Jean Nordyke on March 27, 1986, in the course of a robbery. Appellant challenges the denial of bail by a sole point of error. We affirm.

■ The judge may deny bail in capital cases where the proof is evident. Tex. Const.Ann. art. 1, § 11 (Vernon 1984); Tex. Code Crim.Proc. art. 16.15 (Vernon 1977). The term "proof is evident" means that the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed, that the accused is

the guilty party, and that the jury will both convict the accused and will return findings requiring a death sentence. *Beck v. State*, 648 S.W.2d 7, 9 (Tex.Crim.App.1983); *Ex parte Alexander*, 608 S.W.2d 928, 930 (Tex. Crim.App.1980); *Ex parte Wilson*, 527 S.W.2d 310, 311 (Tex.Crim.App.1975).

■ The burden of proof is on the State to show the proof evident. *Beck*, 648 S.W.2d at 9; *Alexander*, 608 S.W.2d at 930. The "substantial showing" burden of the accused's guilt at the bail hearing is far less than the trial burden of "beyond a reasonable doubt." *Lee v. State*, 683 S.W.2d 8, 9 (Tex.Crim.App.1985).

■ While the decision of the trial judge that the proof is evident is entitled to weight on appeal, the reviewing court must nevertheless review the evidence and determine whether bail was properly denied. *Alexander*, 608 S.W.2d at 930; *Ex parte Hickox*, 233 S.W. 1100, 1101 (Tex.Crim. App.1921).

The bodies of Keith and Jean Nordyke were recovered from the Rio Grande River. Mr. Nordyke was found with his hands tied behind his back, with electrical wire around his neck, and with five stab wounds in the neck area. Mrs. Nordyke was found with both her hands and feet bound and with multiple wounds to the chest and abdomen.

Appellant and his girlfriend were originally picked up for using the victims' credit card. They each gave confessions concerning the robbery and murders of the Nordykes. An investigator testified that appellant led him to a canal or drainage ditch in which he had disposed of a bag of evidence. The canal was drained and the bag recovered. The investigator stated that appellant's grandmother identified the larger of the two knives, saying she missed it the day appellant left, which was the day of the offense.

Appellant's confession indicates that the Nordykes, winter residents of South Texas, made friendly overtures toward appellant, who was working next door. Mr. Nordyke filmed appellant, showed him how to operate his video camera, and offered to lend it to him. The confession states that the

Nordykes invited appellant and his girlfriend to eat and to go to the beach at Boca Chica as their guests. Appellant then concocted a scheme to rob them of their vehicle and flee to Ohio. The confession details the events of the robbery and murders, and the sale of the victims' belongings.

Appellant's girlfriend's confession indicates that she and appellant used false names in dealing with the Nordykes and that appellant had asked the Nordykes for the outing on which they were robbed and murdered.

■ The thrust of appellant's argument under his point of error is that the State did not show that appellant would receive a death sentence. Appellant points out that the jury would have to answer affirmatively: (1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result; (2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and (3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased. *Jurek v. State*, 522 S.W.2d 934, 938–39 (Tex.Crim.App.1975); Tex.Code Crim.Proc.Ann. art. 37.071 (Vernon Supp.1986).

The record of the hearing includes appellant's confession, appellant's girlfriend's confession, photographs of the bodies, autopsy reports on the bodies, photographs of evidence found in a drainage ditch (including a butcher knife described as having a 9½" blade and a rope), videotapes of the recovery of the bodies, and testimony from the investigators, further linking the evidence to appellant.

■ The evidence of repeated stabbings will support a finding that appellant's conduct was committed deliberately and with the reasonable expectation that death would result. *See Duffy v. State*, 567 S.W.2d 197, 209 (Tex.Crim.App.1978).

■ The circumstances of the offense itself, if severe enough, can be sufficient to sustain an affirmative finding on probability of future acts of violence. *Alexander*, 608 S.W.2d at 930; *O'Bryan v. State*, 591 S.W.2d 464, 480 (Tex.Crim.App.1979). The record before this Court shows that appellant's acts were calculated in nature, that the only motive was financial gain, and that appellant lacked remorse. For the purpose of the hearing on bail, we hold the evidence sufficient on the probability that the jury will return an affirmative finding on the second issue that the defendant would commit future acts of violence. *See Duffy*, 567 S.W.2d at 209; *Brock v. State*, 556 S.W.2d 309, 316 (Tex.Crim.App.1977); *Burns v. State*, 556 S.W.2d 270, 280 (Tex. Crim.App.1977).

■ The only possible circumstance of provocation in the killing is the statement in appellant's confession that Mr. Nordyke resisted his girlfriend's attempts to tie him up and stabbed her in the wrist with a little red knife, and continued to resist him. Even if the jury believed appellant's version, the jury could easily conclude that strangling and stabbing the victim in the neck five times was an unreasonable reaction to the victim's resistance. *See Duffy*, 567 S.W.2d at 209.

We have carefully reviewed the record and conclude that the trial judge did not abuse his discretion in finding the proof evident that the jury would answer the required questions affirmatively.

We AFFIRM the trial court's order denying bail.