**Ex parte Donald Wayne JACKSON, Appellant.**

**No. 01–90–00953–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 7, 1991.

Jack Taylor, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Alan Curry, Debbie Hawkins, Asst. Harris County Dist. Attys., for appellee.

Before DUNN, SAM BASS and HUGHES, JJ.

## OPINION

DUNN, Justice.

Appellant, Donald Wayne Jackson, appeals the trial court's denial of his application for writ of habeas corpus.

The record reflects appellant has been continuously confined since June 15, 1990, when he was arrested in connection with a capital murder. However, he was not indicted on the capital murder charge until 91 days after his arrest on September 14, 1990. In his sole point of error, appellant contends, on the basis of TEX.CODE CRIM.P. ANN. art. 17.151 (Vernon Supp.1991), that the trial court erred in failing to release him on a personal recognizance bond.

Because the State has carried its burden of proving a jury would find proof evident of appellant's commission of a capital offense, and that it would make the necessary findings for imposition of the death penalty, we affirm the trial court's denial of appellant's application for writ of habeas corpus.

At the writ of habeas corpus hearing, appellant testified he was convicted in 1970 of robbery by assault, for which he spent 12 years in the penitentiary, and that in 1984, he was convicted of attempted capital murder for which he received a 50–year sentence.

Sergeant Webber testified that in response to a report of a capital murder, he went to a convenience store where he found the store's owner, an elderly Vietnamese gentleman, shot to death, lying behind the counter, face up, in a pool of blood. He had been shot in the head twice. The cash register drawer was open and empty. No cash was found in the store, despite the fact that the deceased usually opened the store with about $400 cash, according to his family members. A citizen across the street from the store, at the time of the robbery, reported seeing a vehicle leaving the store at a high rate of speed.

Subsequently, Webber was called by a citizen who said he had information concerning a suspect in the case. Webber listened in on a conversation between the citizen and appellant, in which appellant said, on entering the store, he shot the owner, and shot him again after taking his money. Webber testified appellant described the owner as an older Vietnamese person. Webber testified appellant also mentioned that during the robbery, another man had shown up at the store, and started to come in, but that he got back in his car and sped away. According to Webber, appellant said he would have shot the man if he had come in the store. The fact that appellant described the complainant as an older Vietnamese person and his mention of the man who drove up during the robbery, led Webber to believe appellant was the man who did the shooting.

The day before this phone conversation was taped, the citizen advised Webber that appellant gave the gun that was used in the robbery to a girl who sold it to a crack dealer for $40 worth of cocaine. Webber gave the citizen $60 that the citizen used to buy the gun back from the crack dealer. It was tested by the Houston Police Department firearm examiner, and determined to be the weapon used to kill complainant.

Webber also testified that after he investigated the case, he was contacted by a friend of appellant who told Webber she was going to hire a private investigator to find out who the citizen was that identified appellant as a suspect in the killing, and that if she discovered his identity, she would have him killed.

Appellant put on no evidence concerning his guilt or innocence.

Article I, § 11 of the Texas Constitution provides all prisoners are entitled to bail except for capital offenses where "the proof is evident." The court in *Ex parte Alexander*, 608 S.W.2d 928 (Tex.Crim.App. 1980) said:

> 'proof is evident' means that the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed; that the accused is the guilty party; and that the jury will return findings which will require a sentence of death.

*Id.* at 930. (citation omitted).

▇ We hold that the testimony adduced at the habeas corpus hearing meets the test set out in *Alexander*. A person commits capital murder if he "intentionally commits the murder in the course of com-

mitting or attempting to commit ... robbery." TEX.PENAL CODE ANN. § 19.03 (Vernon 1989). A person commits robbery if, "in the course of committing theft ... and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another." TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). Officer Webber testified he overheard appellant say in a conversation with an informant that appellant went into a store, shot the store owner, and then later shot the store owner again after taking his money. Appellant described the store owner as an older Vietnamese citizen. Officer Webber had information that appellant gave a young lady the gun to sell to a crack dealer. With the help of the informant, the police later recovered the gun. Officer Webber testified according to the firearm examiner, the gun was the weapon used to kill the Vietnamese citizen. Webber testified that in the conversation with the informant, appellant mentioned a man who, during the robbery, started to enter the store and that appellant said if the man had come in, he would have shot him. We hold this evidence constitutes proof evident that appellant committed the capital murder of the store owner.

 We next consider the final prong of the *Alexander* test: whether the record shows that a jury will return findings which will require a sentence of death. To return a death sentence, a jury must affirmatively answer:

(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased ... would result;

(2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and

(3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

TEX.PENAL CODE ANN. § 19.03 (Vernon 1989).

The record reflects, without controversion, that appellant shot the owner once in the head before he stole the owner's money and once in the head after he stole the owner's money. We hold, on the basis of this uncontroverted evidence, a jury would make the first required finding: that appellant shot the owner deliberately and with the reasonable expectation he would die. The record reflects, without controversion, that appellant shot the owner twice, and said he would have shot the man who approached the store during the robbery had he entered. There is also evidence in the record that a friend of appellant's attempted to discover the identity of the informant, and, if it was discovered, would have the informant killed. There is uncontroverted evidence appellant has been convicted of robbery by assault and attempted capital murder. We find, on this evidence, a jury would make the second required finding: that appellant would commit criminal acts of violence that would constitute a continuing threat to society. Since there was no evidence in the record concerning provocation, a jury would not be required to make the third finding under article 19.03. Therefore, we hold, based on the evidence in the record, that a jury would make the required findings for the imposition of the death penalty on appellant.

 Appellant argues that under the authority of TEX.CODE CRIM.P.ANN. art. 17.151 (Vernon Supp.1991), he should be released on personal recognizance bond because the State was not ready for trial within 90 days, and at his bond hearing he showed he was without income or assets. We do not agree. The Court of Criminal Appeals has recently recognized that an exception to article 17.151 exists under TEX. CONST. art. I § 11, in capital offenses, when proof is evident. *Ex parte Jones*, 803 S.W.2d 712, 716–17 (Tex.Crim.App.1991). Since we have found in this case that proof is evident, under the authority of *Jones*, we hold that article 17.151 does not apply to this case.

The judgment is affirmed.