TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00147-CR







Ex Parte: Hector Manual Nepes Mata-Mota, Appellant







FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT


NO. 5153-1, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING






PER CURIAM

Appellant is awaiting trial for capital murder in Lee County cause number 5153. Tex. Penal
Code Ann. § 19.03(a)(1) (West 1994). Following a hearing on writ of habeas corpus, the district court
refused appellant's request for bail. Tex. Const. art. I, § 11; Tex. Code Crim. Proc. Ann. art. 1.07 (West
1977). The appeal from this order is properly before this Court. Beck v. State, 648 S.W.2d 7, 10 (Tex.
Crim. App. 1983).

A person accused of a capital offense may be held without bail "when the proof is evident." 
Tex. Const. art. I, § 11; Code Crim. Proc. art. 1.07. This phrase means that the evidence is clear and
strong, leading "a well-guarded and dispassionate judgment" to the conclusion that the offense of capital
murder has been committed, that the accused is the guilty party, and that a jury will convict the accused and
return findings that will require a sentence of death. Ex parte Alexander, 608 S.W.2d 928, 930 (Tex.
Crim. App. 1980). The burden of proof is on the State to establish that the proof is evident. Id. On
appeal from a finding that the proof is evident, the appellate court must avoid an in-depth discussion of the
evidence because the case has not been tried on the merits. Ex parte Davis, 542 S.W.2d 192, 198 (Tex.
Crim. App. 1976).

On the day before this appeal was submitted for decision, the State filed a motion to
dismiss the appeal and remand the cause for further hearing on appellant's writ of habeas corpus. The
motion states that appellant has been committed to a mental health facility following a jury's determination
that he is presently incompetent to stand trial. The State argues that this "changes the circumstances" of
the case and that the "testing and treatment" of appellant will be material to the question whether bail should
be set. Appellant objects to the motion, arguing that the finding of incompetence and the commitment to
the mental health facility are irrelevant to the issues raised on appeal. We agree. While appellant's present
mental health may be relevant to the question of the amount of bail should bail be ordered, it is not relevant
to the question whether the proof is evident that appellant will be convicted and sentenced to death for
capital murder. The State does not suggest that there is a question regarding appellant's sanity at the time
of the offense. The State's motion to dismiss the appeal is overruled. 

The indictment alleges that appellant fatally shot Gary Joe Bryant, "a peace officer
employed by the Giddings Police Department . . . who was acting in the lawful discharge of an official duty,
to-wit: investigating a motor vehicle accident, and the defendant knew Gary Joe Bryant was a peace
officer." Appellant contends the proof is not evident that Bryant was acting in the lawful discharge of an
official duty. 

It was stipulated that Bryant was a Giddings police officer. The State's only witness, Texas
Ranger James Miller, testified to the discovery of the officer's body at a location outside Giddings, to
appellant's arrest two days later, and to statements made by appellant in which he admitted shooting the
officer. While the testimony was not clear on these points, there was a suggestion that the shooting took
place at or near the place where the officer's body was found and that his patrol car was nearby. There
was no testimony as to how or why Byant came to be at that location or to explain the nature of his initial
contact with appellant. Because the State offered no evidence to show that Bryant was acting in the lawful
discharge of an official duty when he was shot, the proof was not evident that a capital murder was
committed and bail was erroneously denied. To this extent, appellant's fifth point of error is sustained. 
Because of our disposition of this point, we do not reach appellant's remaining points of error.

The order denying bail is reversed and the cause is remanded to the district court. If and
when appellant is determined to be competent, the court shall conduct a hearing to set bail in an appropriate
amount. See Ex parte Woodward, 601 S.W.2d 378, 380 (Tex. Crim. App. 1980).


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Remanded

Filed: August 14, 1997

Do Not Publish



R1">



FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT


NO. 5153-1, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING






PER CURIAM

Appellant is awaiting trial for capital murder in Lee County cause number 5153. Tex. Penal
Code Ann. § 19.03(a)(1) (West 1994). Following a hearing on writ of habeas corpus, the district court
refused appellant's request for bail. Tex. Const. art. I, § 11; Tex. Code Crim. Proc. Ann. art. 1.07 (West
1977). The appeal from this order is properly before this Court. Beck v. State, 648 S.W.2d 7, 10 (Tex.
Crim. App. 1983).

A person accused of a capital offense may be held without bail "when the proof is evident." 
Tex. Const. art. I, § 11; Code Crim. Proc. art. 1.07. This phrase means that the evidence is clear and
strong, leading "a well-guarded and dispassionate judgment" to the conclusion that the offense of capital
murder has been committed, that the accused is the guilty party, and that a jury will convict the accused and
return findings that will require a sentence of death. Ex parte Alexander, 608 S.W.2d 928, 930 (Tex.
Crim. App. 1980). The burden of proof is on the State to establish that the proof is evident. Id. On
appeal from a finding that the proof is evident, the appellate court must avoid an in-depth discussion of the
evidence because the case has not been tried on the merits. Ex parte Davis, 542 S.W.2d 192, 198 (Tex.
Crim. App. 1976).

On the day before this appeal was submitted for decision, the State filed a motion to
dismiss the appeal and remand the cause for further hearing on appellant's writ of habeas corpus. The
motion states that appellant has been committed to a mental health facility following a jury's determination
that he is presently incompetent to stand trial. The State argues that this "changes the circumstances" of
the case and that the "testing and treatment" of appellant will be material to the question whether bail should
be set. Appellant objects to the motion, arguing that the finding of incompetence and the commitment to
the mental health facility are irrelevant to the issues raised on appeal. We agree. While appellant's present
mental health may be relevant to the question of the amount of bail should bail be ordered, it is not relevant
to the question whether the proof is evident that appellant will be convicted and sentenced to death for
capital murder. The State does not suggest that there is a question regarding appellant's sanity at the time
of the offense. The State's motion to dismiss the appeal is overruled. 

The indictment alleges that appellant fatally shot Gary Joe Bryant, "a peace officer
employed by the Giddings Police Department . . . who was acting in the lawful discharge of an official duty,
to-wit: investigating a motor vehicle accident, and the defendant knew Gary Joe Bryant was a peace
officer." Appellant contends the proof is not evident that Bryant was acting in the lawful discharge of an
official duty. 

It was stipulated that Bryant was a Giddings police officer. The State's only witness, Texas
Ranger James Miller, testified to the discovery of the officer's body at a location outside Giddings, to
appellant's arrest two days later, and to statements made by appellant in which he admitted shooting the
officer. While the testimony was not clear on these points, there was a suggestion that the shooting took
place at or near the place where the officer's body was found and that his patrol car was nearby. There
was no testimony as to how or why Byant came to be at that location or to explain the nature of his initial
contact with appellant. Because the State offered no evidence to show that Bryant was acting in the lawful
discharge of an official duty when he was shot, the proof was not evident that a capital murder was
committed and b