**Ex parte Robert ESPINOZA.**

No. 04–02–00423–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 9, 2002.

Terrance McDonald and William G. Berchelmann, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, Cadena-Reeves Justice Center, for the State.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: CATHERINE STONE, Justice.

■ Robert Espinoza appeals the trial court's order denying his application for bond and remanding him to custody without bond.[1] A trial court may deny bail in a

---

1. The State asserts two jurisdictional issues in its brief. Initially, the State contends that we *do not have jurisdiction to consider this appeal* because Espinoza filed an application for bond instead of an application for writ of habeas corpus. District courts are not limited by the denomination of pleadings but may look to the essence of those pleadings and are encouraged to elevate substance over form. *Ex parte Cantu*, 913 S.W.2d 701, 704 (Tex. App.-San Antonio 1995, pet. ref'd). From the reporter's record of the hearing, it appears to this court that the trial court conducted the hearing as addressing an application of writ of habeas corpus seeking reasonable bond. Because the State did not object to the trial court proceeding in this fashion, it waived any complaint. *Id.* The State also contends that the trial court did not have jurisdiction to vacate a magistrate's order remanding Espinoza without bond. The State cites this court's decision in *Ex parte Chavfull*, 945 S.W.2d 183 (Tex.App.-San Antonio 1997, no pet.), to support its position. The State ignores the crux of our decision in *Chavfull*. After attempting to reconcile earlier decisions of the Texas Court of Criminal Appeals, we reasoned, "If a district court has habeas jurisdiction when an indictment is pending in another court, it follows that a district court has habeas jurisdiction when a mere complaint is pending in another court." *Id.* at 185. We held that even where one court has jurisdictional priority over another court, the State's participation in an evidentiary hearing waives any complaint with regard to jurisdictional priority. *Id.* at 186. Under the facts in this case, even assuming that the magistrate court, which initially remanded Espinoza without bond, had jurisdictional priority, the State waived this complaint by failing to object at the hearing.

capital murder case "when the proof is evident." TEX. CONST. art. I, § 11. The term "proof is evident" means clear and strong evidence, leading a well-guarded judgment to the conclusion that: (1) the offense of capital murder has been committed; (2) the accused is the guilty party; and (3) the jury will both convict the accused and will return findings requiring a death sentence. *Beck v. State,* 648 S.W.2d 7, 9 (Tex.Crim.App.1983); *Nguyen v. State,* 982 S.W.2d 945, 947 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd). The State bears the burden of showing that proof is evident. *Beck,* 648 S.W.2d at 9; *Nguyen,* 982 S.W.2d at 947. The burden requires a "substantial showing," which is far less than the trial burden of "beyond a reasonable doubt." *Nguyen,* 982 S.W.2d at 947. We review a trial court's decision to remand without bond under an abuse of discretion standard. *Ex parte Lackey,* 559 S.W.2d 823, 825 (Tex.Crim.App.1977) (stating trial court did not abuse its discretion in making decision to remand without bond); *Ex parte Colbert,* 452 S.W.2d 454, 456 (Tex.Crim.App.1970) (same); *cf. Ex parte Wood,* 952 S.W.2d 41, 42 (Tex.App.-San Antonio 1997, no pet.) (adopting abuse of discretion standard for reviewing trial court's decision not to reduce bond).

■ At the hearing, the State introduced a videotape of the offense and Espinoza's two written confessions. In his confessions, Espinoza admits that he left his apartment with a gun and clothing to disguise his appearance, intending to rob someone in order to pay the fees required to retrieve his truck from the lot to where it had been towed for being illegally parked. The fees were approximately $130. Although the driver of the car in which Espinoza was riding told him that she would lend him the money, Espinoza refused her offer because he was "mad at everything." After the driver dropped Espinoza off, Espinoza decided to rob a convenience store. Although Espinoza stated

that he had not planned to kill the clerk, he had "lots of things going through [his] mind." Espinoza admitted that the store clerk "never did anything to [him]" and had cooperated by opening the register. Espinoza stated that because he was standing in the store and was mad, he pulled the trigger. Espinoza stated that it was not an accident.

The proof presented at the hearing, including the videotape and the confessions, is evident to establish that Espinoza was guilty of capital murder and that a jury would convict him. Espinoza appears to contend that the jury would not return findings requiring a death sentence. However, the circumstances of the offense alone may warrant an affirmative answer to the future dangerousness special issue. *Smith v. State,* 74 S.W.3d 868, 870 (Tex. Crim.App.2002). In addition, the calculated nature of the defendant's act and the forethought with which he coldly planned and carried out his crime are probative of his propensity to commit future acts of violence. *Burdine v. State,* 719 S.W.2d 309, 315–16 (Tex.Crim.App.1986). In this case, Espinoza planned the robbery and took the items he needed to accomplish the offense with him from his apartment. Although Espinoza was offered an alternative way to obtain the money he wanted, Espinoza decided to proceed with the robbery because he was mad. During the course of the robbery, Espinoza also coldly decided to shoot the store clerk because he was mad. This evidence satisfied the State's burden of "substantially showing" that proof is evident that a jury would return findings requiring a death sentence. The trial court did not abuse its discretion in remanding Espinoza without bond. Accordingly, the trial court's order is affirmed.