

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0398-15

### EX PARTE THOMAS MICHAEL DIXON, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

**HERVEY, J., delivered the opinion of the Court in which JOHNSON, KEASLER, RICHARDSON, and NEWELL, JJ., joined. KELLER, P.J., and ALCALA, J., concurred. YEARY, J. dissented. MEYERS, J., did not participate.**

### O P I N I O N

This appeal is from an order entered in a habeas corpus proceeding refusing to reduce bail. Because we hold that the habeas court abused its discretion when it refused to reduce Appellant's bail, and the court of appeals erred in affirming the ruling of the habeas court, we vacate the judgment of the court of appeals, set aside the order of the habeas court denying relief, and order Appellant's bail reduced to $2 million.

### I.

Appellant was arrested on July 16, 2012, on suspicion of capital murder. His bail

was set at $10 million. He was subsequently indicted on two counts of capital murder. The first count alleged that he committed capital murder when he paid a third party to murder the victim.[1] The second count alleged that Appellant was guilty of capital murder as a party to the offense.[2]

Appellant's trial began on October 27, 2014, two years, three months, and eleven days after he was arrested. Three weeks after his trial started, the judge granted a mistrial because the jury was unable to reach a unanimous verdict. Appellant subsequently filed a pretrial application for a writ of habeas corpus seeking to reduce his bail. The habeas court denied relief, and Appellant appealed that adverse ruling to the Amarillo Court of Appeals, which affirmed the order of the habeas court. We granted Appellant's petition for review arguing that the court of appeals erred.[3]

## II.

---

[1]"A person commits [capital murder] if the person commits murder as defined under Section 19.02(b)(1) and: . . . the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration[.]" TEX. PENAL CODE § 19.03(a)(3).

[2]Under the law of parties and relevant to this case, a person may be held responsible for the criminal actions of another if he "act[ed] with intent to promote or assist the commission of the offense, [or] he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]" TEX. PENAL CODE §§ 7.01(a); 7.02(a)(2).

[3]The ground for review states,

> The court of appeals has departed from the accepted and usual course of judicial proceedings and has sanctioned such a departure by the trial court by approving bail in a capital case in an amount an order of magnitude larger than any previously approved in a capital murder case in this state, resulting in the instant bail being used as an instant instrument of oppression.

The Texas Constitution guarantees that "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident . . . ."[4] TEX. CONST. art. I, § 11; *see* TEX. CODE CRIM. PROC. art. 1.07 (same). It also permits the denial of bail in certain noncapital cases. TEX. CONST. art. I, § 11a. However, because neither Section 11 nor Section 11a were invoked in this case, Appellant is entitled to bail that is not excessive. *See id.* art. I, § 13 (excessive bail shall not be required); TEX. CODE CRIM. PROC. art. 1.09 (same).

The constitutional right to bail is implemented by Article 17.15 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 17.15. That Article provides that the setting of bail is within the discretion of the court, judge, or magistrate setting it, but it also specifies that that discretion is limited by the Texas Constitution and the five factors delineated in Article 17.15:

> (1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with,
>
> (2) The power to require bail is not to be so used as to make it an instrument of oppression,
>
> (3) The nature of the offense and the circumstances under which it was committed are to be considered,

---

[4]Under Article I, Section 10, we have interpreted "proof is evident" of a capital offense to mean evidence that "is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed; that the accused is the guilty party; and that the accused will not only be convicted but that the jury will return findings which will require a sentence of death." *Ex parte Alexander*, 608 S.W.2d 928, 930 (Tex. Crim. App. [Panel Op.] 1980).

(4) The ability to make bail is to be regarded, and proof may be taken upon this point, and

(5) The future safety of a victim of the alleged offense and the community shall be considered.

*Id.*

The primary purpose of an appearance bond is to secure the presence of the defendant in court to answer the accusation against him. Thus, while bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, the power to require bail is not to be used so as to make it an instrument of oppression. *See id.* art. 17.15(1)–(2).

## III.

The parties' main arguments turn on how an appellate court should review a bail-reduction decision for an abuse of discretion. Appellant asserts that the court of appeals abdicated its role to independently measure the habeas court's refusal to grant relief against the relevant bail criteria. The State contends that the court of appeals correctly applied the abuse-of-discretion standard.

## IV.

After examining the opinion of the court of appeals, we agree with Appellant that it failed to measure the ruling of the habeas court against the relevant bail criteria. For example, the court stated that "the weight to be given [to] particular testimony *and of its bearing on the factors for setting bail were determinations to be made by the trial court.*"

*Ex parte Dixon*, No. 07-14-00433-CR, 2015 WL 1040927, at *5 (Tex. Crim. App. Mar. 6, 2015) (per curiam) (not designated for publication) (emphasis added). It also noted that the credibility and weight determinations made by the habeas judge "*may* properly have had a bearing on the court's evaluation of the statutory and common law factors for setting bail . . . ." *Id.* (emphasis added). If this were the extent of an appellate court's review for an abuse of discretion, rulings of habeas courts would be almost completely insulated from review and bail-reduction appeals would be meaningless. Habeas courts determine the bearing of the evidence on the relevant bail criteria *only* in the first instance. On appellate review, it is the duty of the reviewing court to measure the ultimate ruling of the habeas court against the relevant bail factors to ensure that the court did not abuse its discretion. *See* TEX. CODE CRIM. PROC. art. 17.15 (statutory factors for setting bail); *see also* TEX. CONST. art. I, § 11–11a, 13 (proof must be evident to deny bail or not be excessive).

It appears the court of appeals fell into error when it accorded special deference to the ruling of the habeas court because that judge was also the trial judge who presided of Appellant's trial and, therefore, had already seen the evidence. *Dixon*, 2015 WL at *5. Using this fact, the court distinguished Appellant's case from another with similar facts but in which a different result was reached. *See Ex parte Evans*, No. 06-11-00048-CR, 2011 WL 2623589 (Tex. App.—Texarkana July 6, 2011, no pet.) (mem. op.) (not designated for publication). The court reasoned that, unlike in *Evans*, in which there was

also a mistrial caused by a deadlocked jury, in this case the "trial judge had before him the capital murder trial evidence as well as the testimony and other evidence presented live at the habeas hearing." *Dixon*, 2015 WL at *5. To the extent that the court of appeals abdicated its role to assess the habeas court's ruling for an abuse of discretion because the trial judge and habeas judge were one in the same, we cannot agree. Although the evidence adduced at a mistrial can shed light on relevant bail-determination issues such as the nature of the offense, the circumstances under which it was committed, and the strength of the State's case, that fact should not entitle the decision of a habeas court to more deference than normal for this type of review. That is, the fact that the habeas judge and trial court judge are the same person does not necessarily lead to the conclusion that the court did not abuse its discretion.

On the facts of this case, and after considering the other relevant bail factors and measuring them against the relevant bail criteria, we hold that the habeas court abused its discretion when it denied Appellant relief. Similarly, we hold that the court of appeals erred when it affirmed the habeas court's ruling denying Appellant relief. We vacate the judgment of the court of appeals, set aside the order of the habeas court denying relief, and order Appellant's bail reduced to $2 million.

Hervey, J.

Delivered: September 16, 2015

Do not publish