

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00352-CR

**EX PARTE** Otis T. **MCKANE**

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR1505
Honorable Ron Rangel, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: December 27, 2019

AFFIRMED

Appellant Otis T. McKane appeals the trial court's denial of his pretrial application for writ of habeas corpus. McKane argues the trial court erred in denying his release from custody. We affirm the trial court's order.

## BACKGROUND

McKane was arrested on November 21, 2016 for the murder of San Antonio Police Detective Benjamin Marconi. The following day, the trial court set his bail at $2,000,000. The State has since indicted him for capital murder and announced its intent to seek the death penalty. McKane has been in custody since his arrest.

On February 8, 2019, the State requested a continuance. On March 6, 2019, McKane sought release from custody on a personal recognizance or reduced bail bond as required by article

17.151 of the Texas Code of Criminal Procedure ("the Code") since he had been continuously incarcerated and the State was not ready for trial within the ninety-day period required by the statute. The State responded that McKane's request for release should be denied because it had been ready for trial within the required period and article 17.151 did not apply since McKane was not entitled to bail under article I, section 11 of the Texas Constitution.

At the hearing on McKane's application, it was undisputed that McKane has been detained in jail pending trial for a capital offense for more than ninety days and that he lacked the ability to post a $2,000,000 bond. The trial court also heard testimony from Detective Mark Duke, who investigated Detective Marconi's murder and testified McKane had confessed to Detective Marconi's murder. The trial court also reviewed several videos, including video surveillance showing McKane walking around police headquarters and looking inside the building, the dash cam video recording from Detective Marconi's police vehicle, and McKane's police interview. The trial court denied McKane's writ application and this appeal followed.

#### ANALYSIS

### *Standard of Review*

We review the trial court's pretrial bail determination for an abuse of discretion. *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd). An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Id.* We will reverse the trial court's order only if it is outside the zone of reasonable disagreement. *Ex parte Nimnicht*, 467 S.W.3d 64, 66 (Tex. App.—San Antonio 2015, no pet.).

### *Applicable Law*

In general, "[a]ll prisoners shall be bailable by sufficient sureties. . . ." TEX. CONST. art. I, § 11. An exception to that general rule exists for those charged with capital offenses "when the proof is evident." *Id.*; *Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). Article I,

section 11 contains an additional exception—"but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law." TEX. CONST. art. I, § 11.

Article 17.151 of the Code provides that if the State is not ready for trial within ninety days after commencement of detention for a felony, the accused "must be released either on personal bond or by reducing the amount of bail required[.]" TEX. CODE CRIM. PROC. ANN. art. 17.151. Under article 17.151, if the State is not ready for trial within the ninety-day period, the trial court has two options: release the defendant upon personal bond or reduce the bail amount. *Ex parte Gill*, 413 S.W.3d 425, 429 (Tex. Crim. App. 2013).

### *Application*

The parties dispute whether a defendant detained for a capital offense when the proof is evident is subject to the provisions of article 17.151 of the Code. We conclude the answer is no.

McKane relies on *Beckcom v. State* to support his argument that article I, section 11 of the Texas Constitution is subject to article 17.151 of the Code. 938 S.W.2d 780, 781 (Tex. App.—Corpus Christi 1997, no pet.). There, the State was not ready for the defendant's capital murder trial within ninety days of the defendant's detention, and the *Beckcom* Court concluded the defendant was entitled to bail under article 17.151.[1] *See id.* at 782. In reaching that conclusion, that court reasoned that the "when the proof is evident" language of article I, section 11 of the Texas Constitution "is subject to the provisions of article 17.151." *Id.* at 781.

The State, however, relies on *Ex parte Jackson* to support its contention that McKane is not subject to the provisions of article 17.151 of the Code. 807 S.W.2d 384 (Tex. App.—Houston [1st Dist.] 1991, no writ). In that case, the State was not ready within ninety days of the defendant's

---

[1] That opinion fails to indicate, however, whether the State met its burden to prove that the proof was evident.

detention, and the *Jackson* Court denied habeas corpus relief. *See id.* Relying on authority from the Texas Court of Criminal Appeals, the *Jackson* Court wrote, "an exception to article 17.151 exists under TEX. CONST., art. 1, § 11, in capital offenses, when proof is evident." *Id.* at 386.

We agree with the *Jackson* Court and believe this to be the proper approach because it is consistent with the fundamental principle that to the degree a statute conflicts with the Texas Constitution, the statute must yield. *Oakley v. State*, 830 S.W.2d 107, 109 (Tex. Crim. App. 1992) ("The constitution of Texas is the fundamental law of the State, i.e., the supreme law of the land."); *Mears v. State*, 520 S.W.2d 380, 382 (Tex. Crim. App. 1975) ("Statutory rules cannot abrogate constitutional requirements"). And, as recently pointed out by the Texas Court of Criminal Appeals, only "under certain circumstances" does the Legislature have the power to provide that an accused be released pending the outcome of trial. *Ex parte Gill*, 413 S.W.3d at 432 (discussing constitutionality of article 17.151). Those certain circumstances do not exist under article I, section 11 of the Texas Constitution for prisoners awaiting trial for capital offenses "when the proof is evident." *See* TEX. CONST., art. 1, § 11.

Proof is evident when there is "clear and strong evidence, leading a well-guarded judgment to the conclusion that: (1) the offense of capital murder has been committed; (2) the accused is the guilty party; and (3) the jury will both convict the accused and will return findings requiring a death sentence." *Ex parte Espinoza*, 90 S.W.3d 906, 908 (Tex. App.—San Antonio 2002, no pet.). The State bears the burden of substantially showing that proof is evident. *Id.* This burden is "far less" than the trial burden of "beyond a reasonable doubt." *Id.*

McKane argues the State failed to substantially show the proof is evident because it did not offer any evidence "to support a finding of future dangerousness." Because one of the issues the jury considers when assessing the death penalty is future dangerousness, McKane appears to contend that the jury would not return findings requiring a death sentence. *See id.* (construing

appellant's future dangerousness challenge as argument that jury would not return findings requiring death sentence).

Circumstances and details of the crime itself, if severe enough, may be sufficient to sustain a finding that the defendant would commit future criminal acts of violence. *Muniz v. State*, 573 S.W.2d 792, 795 (Tex. Crim. App. 1978); *Espinoza*, 90 S.W.3d at 908. At the hearing, the State produced evidence that McKane tried to enter San Antonio Police Department headquarters on the morning of November 20, 2016. A few hours later, McKane approached Detective Marconi, who was sitting in his vehicle conducting a routine traffic stop outside of police headquarters, and shot the detective in the back of the head. The next day, San Antonio police arrested McKane, who confessed to shooting Detective Marconi. McKane explained that he shot the first police officer he saw because he "wanted the PD to feel the burn that he felt in his heart."

When considering this evidence, we conclude that the circumstances and details of this murder, in and of itself, are severe enough to sustain a jury's finding as to the probability of future acts of violence. *See Muniz*, 573 S.W.2d at 795. Here, the proof presented at the hearing "was clear and strong evidence, leading to a well-guarded judgment to the conclusion that: (1) the offense of capital murder has been committed; (2) the accused is the guilty party; and (3) the jury will both convict the accused and will return findings requiring a death sentence." *Espinoza*, 90 S.W.3d at 908 (holding videotape of crime and confession was proof evident appellant committed capital murder and jury would convict him and require a death sentence). We therefore hold the trial court did not abuse its discretion in finding the proof evident and denying McKane's request to be released on bond. *See* TEX. CONST. art. I, § 11; *Jones*, 803 S.W.2d at 717. Accordingly, we overrule McKane's sole issue on appeal.

## CONCLUSION

We affirm the trial court's order denying McKane's pretrial application for writ of habeas corpus.

Beth Watkins, Justice

Do Not Publish