## L. H. Maddox v. The State.
### *No. 6984.    Decided May 28.*

**Perjury—Indictment.**—Proof on the trial of C. for robbery showed that the robbery was committed on the 6th day of October, 1888, about dark, at a point remote from the town of D.    On that trial the defendant, as a witness supporting an *alibi* for C., testified that he, defendant, was in the town of D. on the evening of the alleged robbery, and that he saw C. and his, C.'s, brother, about dark on that evening at a cer-

tain butcher shop in the said town.  Alleging the delivery of such testimony by the defendant, and that it was material, the indictment assigns perjury as follows:  "Whereas, in truth and in fact, the said L. H. Maddox was not at that time in the town of D., and could not have seen the said C. in the said town, but he, the said Maddox, had left the town of D. on the morning of October 6, 1888, in company with other parties to go to the town of G., and at the time the said Maddox swore he was in the town of D. at dark."  *  *  *  A separate allegation in the indictment states the material matter at issue as follows:  "Whereupon it then and there became and was a material inquiry *  *  *  whether the said C. was guilty of having robbed the said  *  *  *  at the time and place alleged in the indictment, or whether he was not the party who did the robbery, but was at a different place at the time of said robbery, which place was the town of D., the defense being an *alibi* on the part of said C."  *Held*, that the issue thus made was whether C. was in the town of D. as testified by the defendant, about dark on the evening of October 6, 1888, and failing to negative that fact the indictment is insufficient.  See the opinion *in extenso*.

APPEAL from the District Court of Comanche.  Tried below before Hon. T. H. Conner.

The opinion states the nature of the case.  A term of five years in the penitentiary was the penalty assessed against the appellant.

*Lindsey & Hutchison*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for perjury.  It appears from the record that W. A. Clark was tried before the District Court of Comanche County for robbery.  Upon the trial, the State proved by J. A. Taylor, one of the persons alleged to have been robbed by Clark, that the robbery occurred on Saturday, October 6, 1888, about dark, near Adams's ranche, in Comanche County, between four and six miles southwest from Dublin, Erath County.

Appellant Maddox testified on that trial, as a witness for the defendant, that "on the evening of the robbery of J. A. Taylor and C. W. Churchwell he was in Dublin, Erath County, Texas, and saw the defendant W. A. Clark in the town of Dublin, Erath County, Texas, about dark, at the butcher shop of Keith & Maddox, in company with his brother A. A. Clark, at which time they ate some barbecued meat in front of said shop."

Upon this testimony the indictment in this case attempts to assign perjury.  It alleges that the defendant swore to the above facts on the trial of Clark, averring that they were material, and assigns perjury as follows:

"Whereas in truth and in fact the said L. H. Maddox was not at that time in the town of Dublin, Erath County, Texas, and could not have seen the said W. A. Clark in said town, but he, the said L. H. Maddox, had left the town of Dublin on the morning of the 6th of October, 1888, in company with other parties to go to the town of Graham, in Young

County, Texas, and at the time the said Maddox swore he was in the town of Dublin at dark." * * *

It is not alleged that Clark was not at Dublin at the time stated by Maddox. The issue was whether Clark was at Dublin about dark on the evening of October 6, 1888, and not the whereabouts of Maddox. This is made the material matter of inquiry by this indictment. It says: "Whereupon it then and there became and was a material inquiry before said judge and jury in the trial of said judicial proceedings whether the said W. A. Clark was guilty of having robbed the said J. A. Taylor and C. W. Churchwell *at the time* and place as alleged in the indictment as aforesaid, or whether he was not the party who did the robbery, but was at a different place at the time of said robbery, which place was the town of Dublin, Erath County, the defense being an *alibi* on the part of said Clark."

Now, it is true that if Maddox was not at Dublin on the evening of October 6, at the time stated by him, he could not have known whether Clark was there at that time or not, and if the indictment had assigned perjury upon the fact that Clark was at Dublin at the time stated by Maddox, by denying this fact, proof that Maddox was at another place at that time, to-wit, about dark on October 6, 1888, would have established perjury on the part of appellant, if proof had also been made that Clark was at that time at the place of the robbery.

But to allege that Maddox was not at Dublin, but was at another place, is simply pleading the proof of the perjury; and if this method could be permitted, still, there being no assignment of perjury upon a material fact, such proof would not be admissible for the want of a material issue.

But it may be urged that appellant would be guilty if he swore to that which he did not know to be true. This may be so, but the indictment must be framed differently from this. See a form for an indictment in a case in which the perjury is for swearing to some fact or facts which the accused did not know to be true, in Wharton's Precedents of Indictments and Pleas, p. 308. See, also, Id., 277, for a form for indictment for perjury committed by swearing to an *alibi.*

We are of opinion that the indictment is bad, and that the motion to quash the same should have been sustained.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Judges all present and concurring.