### SIMON INGRAM v. THE STATE.

*No. 7062.    Decided June 21.*

**Rape — Death Penalty — Evidence.**—Under the law of this State the death penalty can not be inflicted upon a person who at the time of the commission of the offense had not attained the age of 17 years. The evidence on this trial preponderates to show that the accused, at the time of the offense, had not attained the age of 17 years.

APPEAL from the District Court of Grayson. Tried below before Hon. H. O. Head.

The appellant was convicted for the rape of Emeline Brandenburgh, and his penalty was assessed at death.

It is sufficient for the purpose of this report to note that the proof for the State clearly inculpated the defendant as the perpetrator of a rape upon Mrs. Brandenburgh, an aged lady, near Denison in Grayson County. The testimony did not fix the time of the outrage nearer than that it was committed after 3 o'clock and before sundown on the 16th day of April, 1890.

The defensive evidence in support of an alibi located the defendant at his home, remote from the scene of the alleged offense, at different times on the evening alleged in the indictment, but did not cover the entire evening.

Eliza Lane, the mother of the defendant, testified in his behalf that the defendant was born on the 26th day of December, 1873, and consequently was but 16 years and 5 months old in April, 1890. He was about 2 years old when his father, Jesse Ingram, died. Witness's maiden name

was Eliza Crittenden. She and Jesse Ingram had been married about a year when defendant was born.

Gus Hudson testified for the defense that he distinctly remembered when defendant was born from the fact that he and Eliza Lane, then Ingram, were then working on a farm in Preston Bend. Defendant attained his sixteenth year in December, 1889. The testimony of this witness and of Eliza Lane was strongly supported by circumstantial evidence.

In rebuttal of the evidence of the State on the issue of defendant's age, the State introduced in evidence a marriage certificate showing that Eliza Crittenden and Jesse Ingram were married on the 20th day of December, 1871. Two or more witnesses testified that Jesse Ingram died in February or March, 1873, at which time he had a child ten days or two weeks old.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was charged by indictment with the crime of rape, alleged to have been committed by him on the 16th day of April, 1890. He was indicted on the 1st day of May, 1890; tried on the 14th day of May, 1890; convicted, and his punishment was assessed by the verdict of the jury and judgment of the court at death. There is direct and positive evidence on the part of one or more of the witnesses, and strong circumstantial testimony on the part of other witnesses, proving that at the date of the commission of the crime the appellant had not attained the age of 17 years. The evidence that he was 17 years old at the time of its commission is, in our opinion, wholly insufficient. It is expressly provided by our code that "a person for an offense committed before he arrived at the age of 17 years shall in no case be punished with death." Penal Code, art. 35.

It is unnecessary to discuss the other questions raised on the record, as they are of a character not likely to arise at another trial; and some of them are not entitled to be considered because no bills of exception were saved at the time of the adverse ruling complained of.

Because the evidence as to the age of appellant is wholly insufficient to support a judgment inflicting the death penalty, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.