Brady Lynn BECK, Appellant,

v.

The STATE of Texas, Appellee.

No. 69099.

Court of Criminal Appeals of Texas, En Banc.

April 6, 1983.

Stanley G. McGee, Buddy Stevens, Angleton, for appellant.

Jim Mapel, Dist. Atty. and Jo Wiginton, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a purported appeal from an order entered in a habeas corpus proceeding denying bail in a capital murder case.

The record before us reflects that the applicant was, without dispute, 16 years of age at the time of the alleged offense. The juvenile court waived jurisdiction and certified applicant to the district court for criminal prosecution. V.T.C.A., Family Code, §§ 51.02(1) and 54.02.

The district court conducted at the same time an examining trial and a hearing on applicant's application for writ of habeas corpus to set bail. At the conclusion of the hearing the court found probable cause to bind applicant over to the grand jury and also refused to set bail. Notice of appeal was given.

On February 17, 1983 the First Court of Appeals at Houston in a per curiam panel opinion disclaimed jurisdiction to entertain the appeal from the order in the habeas corpus proceedings denying bail. The opinion relied upon that portion of Article I, § 11a of the Texas Constitution reading "... that the right of appeal to the Court of Criminal Appeals of the State is expressly accorded the accused for a review of any judgment or order *made hereunder.*" (Emphasis supplied.) *Clapp v. State,* 639 S.W.2d 949 (Tex.Cr.App.1982), was also cited.

Applicant now seeks relief in this court apparently without any effort to obtain a rehearing in the said Court of Appeals. He urges that he was under 17 years of age at the time of the offense, and that the death penalty cannot be imposed and he is entitled to bail which the district court has denied.

Capital murder is defined by V.T.C.A., Penal Code, § 19.03, which also provides that an offense under this section is a capital felony. § 19.03(b).

V.T.C.A., Penal Code, § 12.31(a) (Capital Felony), provides:

"(a) An individual adjudged guilty of a capital felony shall be punished by confinement in the Texas Department of Corrections for life or by death."

V.T.C.A., Penal Code, § 8.07(e) (Age Affecting Criminal Responsibility), provides:

"(e) *No person may, in any case, be punished by death for an offense committed while he was younger than 17 years.*" (Emphasis supplied.)

It has long been the law in this state that an accused under 17 years of age, convicted of a capital offense, could not be punished by death. *Walker v. State,* 28 Tex.App. 503, 13 S.W. 860 (1890); *Ex parte Walker,* 28 Tex.App. 246, 13 S.W. 861 (1890); *Ingram v. State,* 29 Tex.App. 33, 14 S.W. 457 (1890); *Ex parte Rankin,* 30 Tex.App. 71, 20 S.W. 202 (1891); *Wilcox v. State,* 32 Tex. Cr.R. 284, 22 S.W. 1109 (1893); *Munger v. State,* 57 Tex.Cr.R. 384, 122 S.W. 874 (Tex. Cr.App.1909).

In *Allen v. State,* 552 S.W.2d 843 (Tex.Cr. App.1977), this court wrote:

"Consequently, in construing the statutes, including V.T.C.A., Penal Code, §§ 19.03, 12.31(a), 8.07(e) (now 8.07(d)) and Articles 37.071 and 114, Vernon's Ann.C.C.P., we hold that where an accused is convicted of capital felony at the guilt stage of the trial and it is undisputed that he was under 17 years of age at the time of the commission of the offense, a trial judge does not err in excusing the jury at the penalty stage of the trial or 'sentencing proceeding' and assessing the punishment at life imprisonment since that is the only punishment that can be assessed. In effect, under the circumstances the punishment was fixed by law. See and cf. *Zaragosa v. State,* 516 S.W.2d 685 (Tex.Cr.App.1974), and cases there cited."

Article I, § 11 of the Texas Constitution provides:

"Sec. 11. All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law." See also Article 1.07, V.A.C.C.P.

■ The term "proof is evident" as used in this section providing that prisoners shall be bailable unless for capital offenses when the proof is evident, means evidence clear and strong, leading a well guarded judgment to the conclusion that an offense was committed, that the accused is the guilty agent and that he would probably be punished by the death penalty if the law is administered. *Ex parte Coward,* 145 Tex. Cr.R. 593, 170 S.W.2d 754 (Tex.Cr.App. 1943); *Ex parte Paul,* 420 S.W.2d 956 (Tex. Cr.App.1967); *Ex parte Perez,* 428 S.W.2d 323 (Tex.Cr.App.1968); *Ex parte Sierra,* 514 S.W.2d 760 (Tex.Cr.App.1974). Under the present Penal Code see *Ex parte Derese,* 540 S.W.2d 332 (Tex.Cr.App.1976).

■ The burden of proof is on the State to prove that the "proof is evident" so as to warrant the denial of bail for one charged with a capital offense. *Ex parte Forbes,* 474 S.W.2d 690 (Tex.Cr.App.1972); *Ex*

*parte Sierra,* 514 S.W.2d 760 (Tex.Cr.App. 1974); *Ex parte Hammond,* 540 S.W.2d 328 (Tex.Cr.App.1976); *Ex parte Ott,* 565 S.W.2d 540 (Tex.Cr.App.1978).

■ Where the evidence is undisputed that the accused was under 17 years of age at the time of the alleged capital murder, the State cannot sustain its burden of proof that the proof is evident because the death penalty cannot be imposed. V.T.C.A., Penal Code, § 8.07(d). Thus, a person under 17 years of age charged with capital murder is per se bailable *Ex parte Enderli,* 110 Tex.Cr.R. 629, 10 S.W.2d 543 (Tex.Cr.App. 1928). And this is true even though the charge remains capital murder with life imprisonment as the only punishment under the "category of cases" view. *Batten v. State,* 533 S.W.2d 788 (Tex.Cr.App.1976).

Now that we have determined the exact nature of the case against the applicant, the question remains which appellate court has jurisdiction to pass upon the question of bail.

In declining to accept jurisdiction, the First Court of Appeals relied upon Article I, § 11a of the Texas Constitution, which reads as follows:

"Sec. 11a. Any person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, (2) accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, or (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, after a hearing, and upon evidence substantially showing the guilt of the accused of the offense in (1) or (3) above or of the offense committed while on bail in (2) above, may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused;

provided, however, that if the accused is not accorded a trial upon the accusation under (1) or (3) above or the accusation and indictment used under (2) above within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused *for a review of any judgment or order made hereunder,* and said appeal shall be given preference by the Court of Criminal Appeals." (Emphasis supplied.)

In *Clapp v. State,* 639 S.W.2d 949 (Tex.Cr. App.1982), cited by the Court of Appeals, this court wrote:

"We apply the same analysis in the case at bar. Article I, Section 11a is a special provision, carving out an exception to the general jurisdiction given to the courts in Article 5, Sections 5 and 6. Thus, in cases dealing with appeals from orders denying bail pursuant to Article I, Section 11a, supra, this Court will have exclusive jurisdiction."

An examination of said Article I, § 11a, reveals that the situations in which bail can be temporarily denied involved (1) a person accused of a felony less than capital in this state and twice previously convicted of a felony (habitual criminal), and (2) a person accused of a felony less than capital in this state while on bail for a prior felony for which he has been indicted, and (3) a person accused of a felony less than capital in this state involving the use of a deadly weapon after being convicted of a prior felony.

It is clear under the record before us that applicant's case does not fall within any of the above described categories. It is these categories over which the Court of Criminal Appeals has exclusive jurisdiction. *Clapp v. State,* supra. The Court of Appeals misinterpreted the constitutional provision and the holding in *Clapp.*

1. It is noted that if the applicant, being under 17 years of age at the time of the alleged offense, is convicted of capital murder and giv-

 The Court of Appeals has jurisdiction over this appeal under Article V, §§ 5 and 6 of the Texas Constitution.[1] See also Articles 44.34 through 44.38, V.A.C.C.P. The purported appeal to this court is dismissed.

en life, or is convicted of any lesser included offense his appeal, if any, would be to the Court of Appeals.