**Terry William LEE aka Terry Lee Medina aka Terry William Medina, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69412.**

Court of Criminal Appeals of Texas.

Jan. 11, 1985.

Charles T. Conaway, San Antonio, for appellant.

Sam D. Millsap, Dist. Atty. and Edward L. Sargologos, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appeal is taken from an order denying bail under the provisions of Article I, Section 11a of the Texas Constitution.

The record reflects that on December 19, 1984, the State filed a motion requesting a denial of bail for appellant under the provisions of Article I, Section 11a. In that motion, it was alleged:

"The State so moves because the defendant is presently under indictment in the following: POSSESSION OF HEROIN. Furthermore, while defendant was on bond for the above, he was subsequently filed on for the offense of POSSESSION OF HEROIN, in Cause No. NM182886, by authority of TOM E. RICKHOFF, said new offense occurring on or about DECEMBER 18, 1984, in Bexar County, Texas."

The trial court held a hearing on the State's motion on December 19, 1984. At the conclusion of that hearing, the court ordered that appellant be held without bail for the offense allegedly committed on the previous day.

Appellant maintains the trial court erred in ordering that bail be denied. Specifically, appellant contends the State failed to introduce evidence substantially showing his guilt of the offense allegedly committed while he was on bail.

Article I, Section 11a provides in part:

"Any person ... accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, ... after a hearing,

and upon evidence substantially showing the guilt of the accused of the offense ... committed while on bail ..., may be denied bail pending trial by a district judge in this State ..."

The record contains a transcription of the court reporter's notes from the hearing on the State's motion. No witnesses were called during that hearing. The record reflects that the prosecutor, without objection, simply stated:

"There has been an additional charge filed, which the paperwork is being brought over. Terry William Lee, while out on bond for said offense, was arrested yesterday. A search warrant was executed at Terry William Lee's residence being at 404 East Huff, on a search warrant, at such time approximately one-half ounce of heroin, for which purpose the search warrant was executed, was confiscated."

The burden of proof in a proceeding seeking to deny bail under Article I, Section 11a, is a "substantial showing" of the guilt of the accused. Such burden is a far less burden than beyond a reasonable doubt as required at the trial on the merits. *Ex parte Moore*, 594 S.W.2d 449 (Tex.Cr. App.1980). However, the general rule favors the allowance of bail. *Ex parte Davis*, 574 S.W.2d 166 (Tex.Cr.App.1978). In *Taylor v. State*, 667 S.W.2d 149 (Tex.Cr. App.1984), this Court noted that the exceptions to the constitutional right to bail as set forth within Article I, Section 11a, include the seeds of preventive detention urged by many to be abhorrent to the American system of justice. Thus, when the State seeks to have bail denied under the provisions of Section 11a, the burden is on the State to show that there has been compliance with the strict limitations and safeguards within that section.

We find that the evidence in the instant cause fails to substantially show the guilt of appellant for the offense allegedly committed while on bail. As noted above, the prosecutor simply stated that appellant had been arrested and that an additional charge had been filed. Additionally, the prosecutor indicated that contraband had been recovered at appellant's residence pursuant to the execution of a search warrant. However, there was no evidence introduced showing that appellant was present when the contraband was recovered or otherwise affirmatively linking him with the contraband. We conclude that the State has failed to sustain its requisite burden of proof as required by Article I, Section 11a.

The judgment of the district court denying bail is reversed and the cause is remanded for bail to be set in a reasonable amount.