Michael David YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 70857.

Court of Criminal Appeals of Texas, En Banc.

June 28, 1989.

Bruce Ashworth, Arlington, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and Helen T. Dhooghe, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an appeal from an order denying bail pursuant to Article I, § 11a of the Constitution of the State of Texas. On April 26, 1989, appellant was arrested for the offense of aggravated manufacture and possession of a controlled substance, namely, phenylacetone. Appellant was charged by information with the above offense on the following day. On April 28, 1989, the State filed a motion to deny bail alleging that appellant, at the time of commission of the above offense, was already on bail for the felony offense of possession of a controlled substance, to wit: amphetamine, committed on or about December 8, 1988, and for which he was currently under indictment. On May 3, 1989, a hearing was held on the State's motion, after which the trial court ordered appellant held without bail. Appellant now complains that the trial court erred in granting the State's motion because there is insufficient evidence to substantially show he is guilty of the offense allegedly committed while on bail.

Article I, § 11a, supra, provides that in order to deny an accused bail under its provisions, the State must present evidence substantially showing his guilt of the charged offense. The burden of proof is a "substantial showing," which is much less of a burden than proving the accused guilty beyond a reasonable doubt, required at trial on the merits. *Lee v. State,* 683

S.W.2d 8, 9 (Tex.Cr.App.1985), citing *Ex Parte Moore,* 594 S.W.2d 449 (Tex.Cr.App. 1980). The State must comply with the strict safeguards and limitations of the constitutional provisions of § 11a, supra, whenever denial of bail is sought. *Thain v. State,* 721 S.W.2d 354, 355 (Tex.Cr.App. 1986); *Taylor v. State,* 667 S.W.2d 149, 152 (Tex.Cr.App.1984).

Appellant does not contest the procedural validity of the proceeding held in the court below. Therefore, the question here is whether the State has made a substantial showing of his guilt.

The record reflects that at the time of the commission of the offense, appellant was on bail for a prior drug related offense. At the hearing on the motion to deny bail, the State presented three witnesses. Two were police officers who had arrested him, and the other was a lab technician, who had tested samples of substances found on the premises and had taken fingerprints. Officer Duke testified that on December 8, 1988, he was present when appellant was arrested for the first offense. The trial court took judicial notice that the offense for which he had been arrested was a felony, and that on April 7, 1989, appellant was released on a $5,000 bond.

Officer Stout testified that on April 26, 1989, he was dispatched to investigate a burglary in progress. When he arrived at the address, the appellant was exiting through the front door of the house, while his codefendant, Russell Green, was standing on the front porch. Upon approaching the residence, Stout noticed an odor which is associated with a chemical used in the manufacture of drugs. He also detected this odor emanating from the person of appellant. In response to Stout's query regarding ownership of the property, appellant stated that he rented the house from the owner. While appellant and Green were detained, Stout entered the house to see whether anyone else was present. In the bathroom, he found a narcotics distilling apparatus. Appellant and Green were then placed under arrest for aggravated

possession and manufacture of a controlled substance.

As its final witness, the State called Thomas Ekis, a lab technician who had analyzed the liquid in the distilling apparatus in appellant's bathroom, and found it contained in excess of four hundred grams of pure phenylacetone. He also stated that one of appellant's latent fingerprints was lifted from a jar containing phenylacetone, which was found inside a linen closet in the same bathroom as the illicit lab.

Appellant insists that the State has failed to make a substantial showing of guilt because there was nothing affirmatively linking him to the contraband. We disagree.

As stated previously, the burden of proof is only a substantial showing of guilt of the appellant. The State need only show a strong nexus between the appellant and the illicit substance siezed in order to meet its burden. *Thain v. State,* supra, at 355. The evidence adduced at the hearing shows as follows: appellant was seen coming out of the house when officers arrived to investigate a burglary in progress; appellant stated that he rented the premises from the owner; a strong odor associated with the manufacture of illicit drugs emanated from the house and also from the person of appellant; at least one fingerprint belonging to appellant was found on a jar in the room containing the illicit lab. We hold these "links" are sufficient to support the trial court's judgment that the State met its burden in making a substantial showing of appellant's guilt of the offense charged, as required by § 11a, supra. Appellant's ground of error is overruled, and the judgment of the trial court is affirmed.