Audi Phong NGUYEN,

v.

The STATE of Texas.

No. 14–97–01367–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1998.

Dan Cogdell, Douglas M. Durham, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before Justices AMIDEI, DRAUGHN, and HILL.*

## OPINION

JOHN HILL, Justice.

Audi Phong Nguyen appeals from the trial court's denial of his application for writ of habeas corpus, in which Nguyen asserted that he had been illegally restrained by the trial court's order of no bond. Nguyen is charged with the capital murder of Roel Pena. He presents three points of error in which he asserts that the trial court erred in finding "proof evident" of a capital offense to deny bail and a fourth point of error as to whether a bond of $100,000 is a reasonable bond.

We affirm the habeas corpus judgment denying bond to Nguyen because the trial court did not err by denying bond to Nguyen, since the State presented proof evident that Nguyen would be convicted of capital murder and that a jury would make findings requiring the assessment of the death penalty.

█ Nguyen contends in his first three points of error that the trial court erred by finding "proof evident" of a capital offense as justification for denying him bail. We must determine, therefore, whether the trial court erred in finding "proof evident" of a capital offense so as to deny bail to Nguyen. Evidence at the hearing was by stipulation between the State and Nguyen.

According to the stipulated evidence, on June 4, 1995, Nguyen and three Hispanic men entered the home of Roel and Silvia

* Senior Justices Joe L. Draughn and John Hill    sitting by assignment.

Pena in an attempt to steal marijuana. All four had firearms. When the men could not locate marijuana in the house, they began beating up Roel Pena. Nguyen and one of the other men fired shots at Pena, killing him. Silvia Pena, after viewing a photo spread, tentatively identified Nguyen as the person who shot her husband.

While he does not admit shooting Pena, Nguyen, after being arrested for aggravated assault, gave a written statement in which he admitted being involved in the home invasion. He does not admit being the person who shot Pena.

The stipulation also reflects that witnesses would testify that on July 24, 1997, Nguyen entered the home of Samuel Ontiveros, pulled a gun, and threatened Ontiveros with it. Thereafter, Nguyen fled the home. Ontiveros followed him out and fired a shot into the air. Nguyen then shot and killed Ontiveros. Nguyen has also been indicted for the murder of Ontiveros.

■ The judge may deny bail in capital cases where the proof is evident. See Tex. Const. art. I, § 11; Tex.Code Crim. Proc. Ann. art. 16.15 (Vernon 1977). The term "proof is evident" means clear and strong evidence, leading to a well-guarded and dispassionate judgment to the conclusion that: (1) the offense of capital murder has been committed; (2) the accused is the guilty party; and (3) the jury will both convict the accused and will return findings requiring a death sentence. See *Beck v. State*, 648 S.W.2d 7, 9 (Tex.Crim.App.1983); *Ex parte Graves*, 853 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

■ The burden of proof is on the State to show that the proof is evident. See *Beck*, 648 S.W.2d at 9. The burden of a "substantial showing" of the accused's guilt at the bail hearing is far less than the trial burden of "beyond a reasonable doubt." See *Lee v. State*, 683 S.W.2d 8, 9 (Tex.Crim.App.1985).

As we have noted, the State must establish that the proof is evident that the jury will assess the death penalty. The issues the jury considers in assessing the death penalty are:

(1) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and

(2) in cases in which the jury charge at the guilt or innocence stage permitted the jury to find the defendant guilty as a party under Sections 7.01 and 7.02, Penal Code, whether the defendant actually caused the death of the deceased or did not actually cause the death of the deceased but intended to kill the deceased or another or anticipated that a human life would be taken.

. . . .

(e) The court shall instruct the jury that if the jury returns an affirmative finding to each issue submitted under Subsection (b) of this article, it shall answer the following issue:

Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.

Tex.Code Crim. Pprc. Ann. art. 37.071(2)(b), (e) (Vernon Supp.1998).

We find that the trial court did not err in denying bail to Nguyen because the evidence supports the trial court's conclusion that the State met its burden in showing that the proof is evident.

Nguyen contends that the State's evidence is not "clear and strong" that he would commit future acts of violence. We believe that the nature of the offense itself, together with evidence of another murder, constitutes proof evident that Nguyen would commit future acts of violence. Nguyen refers to the fact that he was young at the time of the offense; the fact that the State presented no evidence that he has any prior criminal record; and the fact that the State offered no expert testimony to establish that he has any propensity to commit future acts of violence. While these are mitigating factors that the jury might consider in determining whether to assess the death penalty, we are still of the opinion that the evidence of the offense

and the extraneous murder constitutes proof evident.

Nguyen suggests that the State's evidence of the extraneous offense, as contained in the stipulation, is conclusory. As noted, the stipulation states that Nguyen entered Ontiveros' home, pulled a gun, and threatened Ontiveros with it. The stipulation also states that when Ontiveros followed Nguyen out of his home and fired a shot in the air, Nguyen shot and killed him. These stipulations all appear to be stipulations as to facts that occurred. Nguyen does not refer to any particular stipulation that is conclusory, and none appears to us to be conclusory. Under the circumstances presented, we do not find that the fact that Ontiveros fired a shot into the air after Nguyen had pulled a gun on him and threatened him with it constitutes much in the way of mitigation, as Nguyen suggests.

Nguyen also urges that the evidence is not "clear and strong" that he actually caused the death of Roel Pena, that he intended to kill anyone, or that he contemplated that a life would be taken. The stipulation of evidence includes a stipulation that "[t]he defendant and one of the other actors fired shots at Roel Pena with firearms striking him multiple times." The evidence also shows that Silvia Pena tentatively identified Nguyen as the person who shot her husband. The stipulation also includes Nguyen's admission that he was present. Nguyen was the only Asian who participated in the home invasion of the Pena residence. Nguyen suggests that the State's only proof as to who caused the death of Mr. Pena is Silvia Pena's tentative identification. As noted, the stipulation evidence shows that Nguyen and one other fired shots at Mr. Pena. While the stipulation notes Silvia Pena's tentative identification, it does not indicate, as Nguyen argues, that her identification is the State's only proof as to who caused Roel Pena's death.

■ Nguyen complains that the trial court did not make findings of fact on the record as to future dangerousness, specifically as to whether he would probably commit criminal acts of violence that would constitute a continuing threat to society. He also complains that the trial court made no finding of fact on the record as to whether the proof was clear and strong that he actually caused the death of the deceased, or, if he did not, that he either intended to kill the deceased or another or anticipated that a human life would be taken.

The trial court orally found that the proof was evident on the issue of whether the jury would find Nguyen guilty of the offense and as to whether it would assess the death penalty. The judgment denying Nguyen's application for writ of habeas corpus concludes that Nguyen is legally held in custody. The record contains nothing to indicate that Nguyen made any objection to the lack of such findings, or requested that the trial court make such additional findings. *See* Tex.R.App. P. 33.1(a). Nguyen presents no authority that the trial court is required to make such additional findings even if requested.

■ Nguyen also argues that the trial court erred by applying a "quite likely" standard and therefore failed to determine whether the evidence was clear and strong that the death penalty would result. In announcing that he found the proof evident, the judge also stated that, "it's quite likely that a jury will … not only find Mr. Nguyen guilty of the charge of capital, but will … answer the allegations in such a manner as to return a death penalty." We construe nothing in this language to be anything other than the trial court making a finding that the proof is evident. While the judge may well have felt and even found that it is quite likely that a jury would find Nguyen guilty and assess the death penalty, we do not construe the judge's language as indicating that he was using a "quite likely" standard in reaching his conclusion as to whether the State had presented "proof evident."

■ Nguyen also complains that the trial court took judicial notice of the court's files, but the record reflects that Nguyen did not object to the trial court's doing so. Nothing is presented for review. *See id.*

■ Nguyen insists in a supplemental brief that there could have been no robbery at the Pena residence because the Penas had no property right to marijuana since it is

contraband. This court has previously held the evidence sufficient to support an aggravated robbery conviction where marijuana was the property stolen, but no one raised the issue presented by Nguyen as to whether one might have a property right in marijuana that might be the subject of a robbery. *See Durst v. State*, 675 S.W.2d 527, 528 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd).

Section 29.02 of the Texas Penal Code provides that a person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he (1) intentionally, knowingly, or recklessly causes bodily injury to another or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 1994). Section 31.03 of the Texas Penal Code provides that a person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon 1994 & Supp.1998). Section 1.07(a)(35) defines the term "owner," for the purposes of the Texas Penal Code, as "a person who: (A) has title to the property, possession of the property, *whether lawful or not*, or a greater right to the possession than the actor;...." TEX. PENAL CODE ANN. § 1.07(a)(35) (Vernon 1994) (emphasis added). From these statutes we can conclude that the legislature intends that there may be a theft or robbery of property that is illegally possessed. We overrule points of error numbers one, two, and three.

Nguyen asserts in point of error number four that a bond of $100,000 is reasonable. In view of our determination of points of error numbers one, two, and three, we need not consider point of error number four.

The trial court's judgment denying the application for writ of habeas corpus is affirmed.