COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

DAVID SANTIAGO RENTERIA,                        )

                                                                              )              
No.  08-02-00072-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
41st District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20020D00230)

                                                                              )

 

 

O
P I N I O N

 

Appellant, David
Santiago Renteria, was charged by indictment with the capital murder of A. F.,
a child under the age of six.  The State
filed notice of intent to seek the death penalty.  Appellant filed a motion to set or reduce
bond.  After a hearing on Appellant=s motion, the trial court denied bond,
finding proof evident of a capital offense. 
Appellant now brings this appeal challenging the trial court=s denial of bond and finding that proof
is evident for such a denial.  We affirm.

EVIDENCE
BEFORE THE TRIAL COURT








At the bond
hearing, five exhibits were admitted into evidence in support of the State=s contention that bail should be
denied.  The first exhibit is the
complaint affidavit of Detective Arturo Ruiz outlining the underlying facts and
evidence collected in this present case.[1]  The affidavit provides in part:

IN THE NAME AND BY AUTHORITY OF THE
STATE OF TEXAS BEFORE ME, the undersigned authority, on this day personally
appeared, Det. Arturo Ruiz Jr. #993, who after being by me duly sworn, on oath
deposes and says that he has good reason to believe and does believe that
heretofore to wit, on or about the 18th day of November, 2001, and before the
filing of this Complaint in the County of El Paso, the State of Texas, one
David Santiago RENTERIA (11/22/1969) hereinafter called DEFENDANT, did then and
there unlawfully, commit the offense of CAPITAL MURDER by intentionally and
knowingly causing the death of an individual to-wit: Alexandra FLORES (DOB:
09/14/1996) under SIX years of age.

 

11/18/2001, 9441 Alameda (Wal-Mart
Super Center)

On the listed date at the listed
location victim Flores was captured on store surveillance camera exiting the
store at approx. 5:15 PM with an unknown male. 
Shortly thereafter, the parents of victim Flores realized that the
victim was missing.  A search of the
store for victim Flores was fruitless.

 

On 11/19/2001 at approx. 7:10 AM the
body of victim Flores was found at 1220 N. Oregon, east alley.  Physical evidence and latent prints were
collected at the crime scene and from the victim=s
person.  An autopsy revealed that the
manner of death was MANUAL STRANGULATION/HOMICIDAL.

 

EPPD latent print expert identified a
latent print developed from a plastic bag that was found placed over the victim=s head as having been made by defendant=s right palm.  Furthermore, investigation has revealed that
a vehicle registered to the defendant was at 9441 Alameda at the time and date
of the victim=s
disappearance.  By his own admission, the
defendant places himself at the said location at the time and date of the
victim=s
disappearance.

 








The second exhibit is an order on
Appellant=s plea of
guilty to the charge of indecency with a child committed on August 11,
1992.  The order indicates Appellant was
placed on ten years= deferred
adjudication.  The third exhibit is also
a judgment of conviction from a previous felony offense of driving while
intoxicated committed on June 18, 2000. 
Appellant was sentenced to ten years=
incarceration and the court granted shock probation for the offense.  The fourth exhibit is a motion to adjudicate
guilt on the cause related to indecency with a child.  The fifth exhibit is a motion to revoke
probation on the cause related to driving while intoxicated.  Both Appellant and his father also testified
at the hearing.[2]

This case involves
a trial court=s
decision to deny bail.  Such decisions
are reviewable by the appellate courts under an abuse-of-discretion
standard.  See Ex parte Lackey,
559 S.W.2d 823, 824 (Tex.Crim.App. 1977). 
Texas law allows a judge to deny bail in capital cases where the proof
is evident.  See Tex.Const. art. I, ' 11;
Tex.Code Crim.Proc.Ann. art 16.15 (Vernon 1977).  Proof is evident in cases where clear and
strong evidence exists, leading a well-guarded judgment to the conclusion
that:  (1) the offense of capital murder
has been committed; (2) the accused is the guilty party; and (3) the jury will
convict the accused and likely return findings requiring a death sentence.  Beck v. State, 648 S.W.2d 7, 9
(Tex.Crim.App. 1983); Ex parte Alexander, 608 S.W.2d 928, 930
(Tex.Crim.App. 1980).  At a bond hearing,
the State bears the burden of showing proof is evident.  Ex parte Wilson, 527 S.W.2d 310, 311
(Tex.Crim.App. 1975).  The applied burden
is one of a Asubstantial
showing@ of the
accused=s
guilt.  Lee v. State, 683 S.W.2d
8, 9 (Tex.Crim.App. 1985).  Thus, the
State=s burden
of proof regarding the accused=s
guilt at the bond hearing is far less than its burden at trial, which requires
proof beyond a reasonable doubt.  Id.








The key question
on review is whether the evidence is sufficient to support the trial court=s decision to deny bail based on the
conclusion that proof is evident.  See
Wilson, 527 S.W.2d at 311-12.  The
trial judge=s
conclusion that proof is evident is entitled to weight on appeal.  Id. at 311; Ex parte Hickox, 90
Tex.Crim. 139, 141, 233 S.W. 1100, 1101 (Tex.Crim.App. 1921).  Nonetheless, it is our duty to examine the
evidence and make a separate determination as to whether the denial of bail was
proper.  Id.  We look first to the evidence establishing
the offense of capital murder.  Under
Texas law, one commits capital murder if he intentionally or knowingly causes
the death of an individual under six years of age.  Tex.Pen.Code
Ann. '
19.03(a)(8)(Vernon 1994).  Detective Ruiz=s complaint affidavit indicates A. F.
was under the age of six at the time she was murdered.  It also indicates an autopsy concluded she
died as a result of manual strangulation. 
Further, the death is categorized as a homicide.  In this case, State=s
Exhibit No. 1 provides strong and clear evidence that a capital murder has been
committed.  Beck, 648 S.W.2d at 9.

Next, we consider
whether there is strong evidence of the accused=s
guilt.  Again, the trial court looked to
the information provided by State=s
Exhibit No. 1 engaging the strength of the evidence of Appellant=s guilt.  The affidavit listed the key pieces of
evidence implicating Appellant in the murder of the child victim.  First, when the victim=s
body was recovered, latent palm prints matching Appellant were found on the
plastic bag placed over her head. 
Second, Appellant=s
vehicle was at the Wal-Mart at the time the child victim disappeared.  Third, Appellant admitted he was at the
Wal-Mart when the child victim disappeared. 
Taken as a whole, this evidence substantially shows the guilt of
Appellant for the capital murder of A. F. 
Lee, 683 S.W.2d at 9. 








The third
consideration in determining whether proof is evident requires the trial court
to make a preliminary judgment as to whether the jury will convict the accused
and if it is likely the death penalty will be assessed.  Implicit in finding strong evidence of the
accused=s guilt
is the presumption the accused would be convicted of the offense.  As such, the focus of the third requirement
under Beck is whether the jury will return findings requiring a death
sentence.  There are three possible
questions a jury must answer in order to determine whether a death penalty will
be imposed in a capital case.  See
Tex.Code Crim.Proc.Ann. art.
37.071, ' 2(b),
(e)(Vernon Supp. 2002).  Initially, a
jury must answer the following two questions when assessing a defendant=s punishment in a capital case:

(1)        whether there is a probability that the
defendant would commit criminal acts of violence that would constitute a
continuing threat to society; and

 

(2)        in cases in which the jury charge at the
guilt or innocence stage permitted the jury to find the defendant guilty as a
party under Sections 7.01 and 7.02, Penal Code, whether the defendant actually
caused the death of the deceased or did not actually cause the death of the
deceased but intended to kill the deceased or another or anticipated that a
human life would be taken.

 

Tex.Code
Crim.Proc.Ann. art. 37.071, '
2(b).  If the above questions are
answered affirmatively, the jury must then answer the following question:

Whether, taking into consideration all
of the evidence, including the   
circumstances of the offense, the defendant=s
character and background, and the personal moral culpability of the defendant,
there is a sufficient mitigating circumstance or circumstances to warrant that
a sentence of life imprisonment rather than a death sentence be imposed.

 

Tex.Code
Crim.Proc.Ann. art. 37.071, '
2(e)(1).  If the jury answers
affirmatively to the first two questions and negatively to the third question,
the death penalty is imposed.  Tex.Code Crim.Proc.Ann. art. 37.071, ' 2(g). 








One of the factors
that may be considered in determining the future dangerousness of a defendant
is the existence of a prior criminal record and the severity of the prior
crimes.  Smith v. State, 74 S.W.3d
868, 870 (Tex.Crim.App. 2002); Keeton v. State, 724 S.W.2d 58, 61
(Tex.Crim.App. 1987).  Moreover, the
Court of Criminal Appeals has recognized that participation in an offense
similar to the one on trial constitutes evidence of future dangerousness.  Lane v. State, 933 S.W.2d 504, 508
(Tex.Crim.App. 1996); Coleman v. State, 881 S.W.2d 344, 347
(Tex.Crim.App. 1994).  Indeed, the facts
of the offense alone can be sufficient to support a finding that a defendant
may constitute a continuing threat to society. 
Nenno v. State, 970 S.W.2d 549, 552 (Tex.Crim.App. 1998), overruled
on other grounds, State v. Terrazas, 4 S.W.3d 720 (Tex.Crim.App.
1999); Walbey v. State, 926 S.W.2d 307, 310 (Tex.Crim.App. 1996).








In this case, all
of the exhibits admitted by the court are helpful in determining whether it is
likely a jury would answer the special issues questions such that the death
penalty would be imposed.[3]  With regard to whether Appellant would
constitute a continuing threat to society, the court had documentary evidence
of prior crimes and Appellant=s
own testimony in which he admitted he was on probation and had been arrested
for other crimes as well.  See Smith,
74 S.W.3d at 870.  In particular, State=s Exhibits Nos. 2 and 4 established
Appellant=s guilt
in a prior sexual offense against a child. 
This documentary evidence was supported by Appellant=s testimony that he was on probation
for indecency with a child.  See Lane,
933 S.W.2d at 508.  Finally, in
determining how a jury would likely answer the second question relating to
whether Appellant actually caused the death of the victim, State=s Exhibit No. 1 provides substantial
evidence indicating Appellant actually caused the child victim=s death.  It indicates Appellant=s
latent prints were found on the plastic bag used to suffocate and strangle the
victim.  The documentary and testimonial
evidence presented at the bond hearing supports the trial court=s conclusion that a jury will convict
Appellant and likely return findings requiring a death sentence.  Beck, 648 S.W.2d at 9; Ex parte
Alexander, 608 S.W.2d at 930.

Given the evidence
presented by the State at the bond hearing, we find the trial court=s determination that proof is evident
and bond should be denied to be within the zone of reasonable
disagreement.  See Ex parte Lackey,
559 S.W.2d at 824.  No abuse of
discretion by the trial court is shown.  Id.  Appellant=s
issue on appeal is overruled.  The trial
court=s ruling
is affirmed.  

 

 

October
3, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
State=s Exhibit
No. 1 was admitted into evidence over the hearsay objection of the
defense.  However, Appellant has not
challenged the admission of this evidence on appeal.  The only issue before us today is the
sufficiency of the evidence supporting the trial court=s
decision to deny bail.  Accordingly, we
will consider all of the evidence before the trial court, regardless of whether
it was properly or improperly admitted.  See
Green v. State, 893 S.W.2d 536, 540 (Tex.Crim.App. 1995).





[2]
We note that both Appellant and his father testified to Appellant=s ties to Mexico.  





[3]
Appellant=s brief
does not deal specifically with the issue of mitigating circumstances raised by
Tex.Code Crim.Proc.Ann. art.
37.071, '
2(e).  Rather, Appellant focuses almost
entirely on whether the evidence was sufficient to establish future
dangerousness.  As such, we  will confine our discussion to the issues
raised under Tex.Code Crim.Proc.Ann.
art. 37.071, 

'
2(b).