NO. 12-03-00055-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: BEUNKA ADAMS
§
 ORIGINAL PROCEEDING



§
 






 MEMORANDUM OPINION


 Relator Beunka Adams is charged by indictment with capital murder. After a hearing on
Relator's motion to set bond, the trial court found that the "proof is evident" that Appellant will be
convicted of the offense charged in the indictment and that the jury will assess the death penalty.
Based upon those findings, the trial court denied Relator's motion. (1) Thereafter, Relator filed an
petition for writ of habeas corpus with this court asserting that he is being unlawfully confined
because the State failed to show that the "proof is evident" that Relator will receive the death
penalty. As the basis for this court's jurisdiction, Relator cites section 22.221(d) of the Texas
Government Code. Tex. Gov't Code Ann. § 22.221(d) (Vernon Supp. 2003).

 Section 22.221(d) provides as follows:


 Concurrently with the supreme court, the court of appeals of a court of appeals district in which a
person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus
when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by
a court or judge because of the violation of an order, judgment, or decree previously made, rendered,
or entered by the court or judge in a civil case. Pending the hearing of an application for a writ of
habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to
whom the writ of habeas corpus may be granted.


Id. Thus, the original jurisdiction of courts of appeals to issue a writ of habeas corpus is limited to
those cases in which a person's liberty is restrained because the person has violated an order,
judgment or decree entered in a civil case. Consequently, courts of appeals do not have original
habeas corpus jurisdiction in criminal law matters. Dodson v. State, 988 S.W.2d 833, 835 (Tex.
App.- San Antonio 1999, no pet.); Ex parte Hawkins, 885 S.W.2d 586, 588 (Tex. App.- El Paso
1994, no pet.). Their jurisdiction is appellate only. Dodson, 988 S.W.2d at 835. Accordingly, we
dismiss Relator's habeas petition for want of jurisdiction.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered February 28, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.
























(PUBLISH)
1. A trial court may deny bail in a capital murder case "when the proof is evident." Tex. Const. art. I, § 11. 
"Proof is evident" when there is clear and strong evidence, leading a well-guarded judgment to the conclusion that (1)
the offense of capital murder has been committed; (2) the accused is the guilty party; and (3) the jury will both convict
the accused and will return findings requiring a death sentence. Beck v. State, 648 S.W.2d 7, 9 (Tex. Crim. App. 1983);
Nguyen v. State, 982 S.W.2d 945, 947 (Tex. App.- Houston [14th Dist.] 1998, pet. ref'd). The State has the burden of
proof. Beck, 648 S.W.2d at 9; Nguyen, 982 S.W.2d at 947.