Camacho v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-033-CR

RICHARD LYNN CAMACHO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Richard Lynn Camacho appeals from the trial court’s order denying his motion to set appeal bond.  In one point, he contends that the trial court abused its discretion by denying his request for an appeal bond.  We will affirm.

We review a trial court’s decision regarding an appeal bond under an abuse of discretion standard.  
Ex parte Spaulding
, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); 
Davis v. State
, 71 S.W.3d 844, 845-46 (Tex. App.—Texarkana 2002, no pet.).  A trial court abuses its discretion only when it makes its decision without reference to any guiding rules or principles or, in other words, if the decision is arbitrary or unreasonable.  
Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  Even if we would have reached a different result, we will not intercede as long as the trial court’s ruling is within the “zone of reasonable disagreement.”  
Id
. at 391 (op. on reh’g).

Appellant contends that the trial court abused its discretion by denying his request for an appeal bond because it took judicial notice of testimony from prior proceedings.  To preserve a complaint for appellate review, however, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  Failure to do so results in waiver of the complaint.  Because the record reflects that appellant did not object to the trial court’s taking judicial notice of said testimony, appellant has presented nothing for our review.  
Nguyen v. State
, 982 S.W.2d 945, 948 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. ref’d).  Accordingly, we overrule appellant’s sole issue and affirm the trial court’s order denying his motion for appeal bond.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 12, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.