NO. 12-03-00112-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




BEUNKA ADAMS,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 
MEMORANDUM OPINION


 Appellant Beunka Adams ("Appellant") appeals the trial court's denial of his application
for writ of habeas corpus requesting bail. In one issue, he contends that the trial court erred in
finding proof evident of a capital offense and denying bail. We affirm.


Procedural History

 Appellant is charged by indictment with capital murder and is being held without bail. He
filed a motion to set aside an order of no bail and requested that the trial court set bail. The trial
court denied the motion after a hearing, based upon its conclusion that the State showed proof
evident that Appellant committed the offense and would likely receive the death penalty. Appellant
subsequently filed two applications for writ of habeas corpus, one in this court and one in the trial
court (the "second application"). Both applications were denied. This is an appeal from the denial
of the second application.


Evidence Before the Court

 At the hearing on the second application, Appellant introduced the court reporter's statement
of facts from the hearing on the motion to set aside the no-bail order. At that hearing, the two
surviving victims, a sheriff's deputy, and the fire chief for the Alto Volunteer Fire Department
testified for the State. Their testimony describes the following sequence of events that resulted in
Appellant's indictment.

 Appellant and Richard Cobb ("Cobb") entered a convenience store to rob it, masked and
armed with a shotgun. Appellant did most of the talking, and Cobb held the gun. Appellant ordered
the two store clerks, Nikki Dement ("Dement") and Candace Driver ("Driver"), to give him the
store's money. Kenneth Vandever ("Vandever"), a customer, was also in the store at the time of the
robbery. After taking the store's money, Appellant ordered Vandever, Dement, and Driver to get
into Driver's car with them. Once in the car, Appellant took off his mask and Dement recognized
him as someone with whom she had gone to school. 

 Appellant drove Cobb and the three victims to a remote location in the stolen vehicle. 
Appellant, while holding the shotgun, ordered Driver and Vandever to get into the trunk of the car. 
He then walked Dement away from the vehicle, gave the shotgun to Cobb, and sexually assaulted
Dement.

 Appellant then let Vandever and Driver out of the trunk. At Appellant's suggestion, Cobb
and Appellant bound Dement's and Driver's hands. Appellant ordered Vandever to sit down and
instructed Dement and Driver to get on their knees, facing away from Appellant and Cobb. Shots
were fired and Vandever shouted, "They shot me." Seconds afterward, someone shot Dement in her
left shoulder. Appellant immediately approached Driver with the shotgun in his hand. Appellant
threatened to shoot Driver if she did not tell him whether she was bleeding. When Driver said she
was not bleeding, Appellant shot her in the face. Appellant then approached Dement. She acted as
if she were dead. Appellant and Cobb continually yelled, "Are you dead?" as they kicked her in her
stomach and side. Appellant then lifted Dement by her hair and shined a light in her face. Appellant
said, "She's dead," and dropped her to the ground. Appellant and Cobb then left. 

 Once Appellant and Cobb were gone, Dement made her way to a house and sought help. 
After the police arrived, Dement gave directions to where the officers would find the others. The
officers found Driver, injured. However, when they located Vandever, he was dead.



"Proof Evident" Justifying Denial of Bail

 In one issue, Appellant asserts that the trial court erred in finding "proof evident" of a capital
offense and denying bail. 

Applicable Law

 The trial court may deny bail in capital cases where the proof is evident. See Tex. Const.
art. I, § 11; Tex. Code Crim. Proc. Ann. art. 16.15 (Vernon 1977). "Proof evident" means clear
and strong evidence. See Beck v. State, 648 S.W.2d 7, 9 (Tex. Crim. App. 1983). The State bears
the burden of proof to show the proof is evident. See id. The State must present a "substantial
showing" of the accused's guilt at the bail hearing, which is far less than the trial standard of beyond
a reasonable doubt. Lee v. State, 683 S.W.2d 8, 9 (Tex. Crim. App. 1985). The evidence must lead
to a well-guarded and dispassionate judgment concluding that (1) capital murder has been
committed, (2) the accused is the guilty party, and (3) the accused will both be convicted and
sentenced to death. See Beck, 648 S.W.2d at 9. 

 Where the State seeks the death penalty, the jury considers (1) whether there is a probability
that the accused would commit criminal acts of violence constituting a continuing threat to society,
and (2) where the accused is charged as a party to the crime, whether he actually caused the death
or anticipated that a human life would be taken. Tex. Code Crim. Proc. Ann. art. 37.071, § (2)(b)
(Vernon Supp. 2004). If the above questions are answered affirmatively, the jury must then consider
whether there is a sufficient mitigating circumstance to warrant imposing a sentence of life
imprisonment rather than death. Tex. Code Crim. Proc. Ann. art. 37.071, § 2(e)(1). If the jury
answers affirmatively to the first two questions and negatively to the third question, the death penalty
is imposed. Tex. Code Crim. Proc. Ann. art. 37.071, § 2(g).

 Some of the factors that may be considered in determining the future dangerousness of a
defendant are (1) the circumstances of the offense, including his state of mind and whether he was
acting alone or with other parties, (2) the calculated nature of his actions, (3) the forethought and
deliberateness exhibited by the crime's execution, and (4) the existence of a prior criminal record
and the severity of the prior crimes. Smith v. State, 74 S.W.3d 868, 870 (Tex. Crim. App. 2002). 
Moreover, the facts of the offense alone can be sufficient to support a finding that a defendant may
be a continuing threat to society. Nenno v. State, 970 S.W.2d 549, 552 (Tex. Crim. App. 1998),
overruled on other grounds, State v. Terrazas, 4 S.W.3d 720 (Tex. Crim. App. 1999).

 The key question on review is whether the evidence is sufficient to support the trial court's
decision to deny bail based on the conclusion that proof is evident. See Ex parte Wilson, 527
S.W.2d 310, 311-12 (Tex. Crim. App. 1975). The trial judge's conclusion that proof is evident is
entitled to weight on appeal. See id. at 311. Nonetheless, it is our duty to examine the evidence and
make a separate determination as to whether the denial of bail was proper. See id. 

Discussion

 We look first to the evidence establishing the offense of capital murder. In Texas, one
commits capital murder if he intentionally or knowingly causes the death of an individual in the
course of committing or attempting to commit kidnaping, burglary, robbery, [or] aggravated sexual
assault. . . . Tex. Pen. Code Ann. § 19.03 (a)(2) (Vernon 2003). The evidence shows that Vandever
died as a result of a gunshot wound during the course of a kidnaping, robbery, and aggravated sexual
assault. See Tex. Pen. Code Ann. §§ 20.03, 29.02, 22.021. Therefore, the State's evidence
provides clear and strong evidence that a capital murder was committed.

 Next, we consider whether there is clear and strong evidence of the accused's guilt. The
State introduced evidence supporting a conclusion that Appellant played an active role in the robbery
and kidnaping. Further, Appellant was the sole actor in the aggravated sexual assault.

 The evidence also shows that Cobb carried the gun in Appellant's presence during the entire
criminal episode except for the times when Appellant had the shotgun. After taking the store's
money, Cobb and Appellant transported Dement, Driver, and Vandever to a remote location. At this
location, Appellant had possession of the gun at times, and also threatened the victims with the gun
more than once. Before Appellant and Cobb left the location, all three victims had been shot. This
evidence supports a conclusion that the capital murder was in furtherance of the conspiracy and
should have been anticipated as a result of carrying out the conspiracy. Vandever was shot in the
presence of both Cobb and Appellant. However, neither Dement nor Driver know who shot him. 
After Vandever was shot, Appellant's demeanor did not change. Instead, while holding the gun, he
checked to see if Dement and Driver were alive, threatened them, shot Driver, and repeatedly kicked
Dement. This evidence supports a conclusion that Appellant either shot Vandever or was a party to
the offense. (1) When considered together, this evidence substantially supports the trial court's
conclusion that Appellant will be found guilty of capital murder. 

 Finally, we consider whether the jury will convict the accused and if it is likely the death
penalty will be assessed. Implicit in finding clear and strong evidence of the accused's guilt is the
presumption that the accused would be convicted of the offense. See Renteria v. State, No. 08-02-00072-CR, 2002 WL 31195324, at *3 (Tex. App.-El Paso October 3, 2002, pet. ref'd) (not
designated for publication). Because we have already determined the State introduced clear and
strong evidence of Appellant's guilt, our focus here is whether the jury will return findings requiring
a death sentence. 

 First, it is undisputed that Appellant was a party in the commission of the underlying crimes. 
The trial court could have concluded that the nature of the aggravated robbery, kidnaping, and
aggravated sexual assault constitutes proof evident that Appellant would commit future acts of
violence. Second, Appellant and Cobb used a deadly weapon in the commission of the crimes. A
fact finder may infer intent to kill based on the use of a deadly weapon. See Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996). As previously discussed, the State introduced evidence
supporting the trial court's conclusion that the capital murder was in furtherance of the conspiracy,
and that Appellant either caused the death of Vandever or anticipated that his life would be taken as
a result of carrying out the conspiracy. Third, no mitigating circumstances were presented. 
Therefore, the State met its burden to show proof evident that Appellant will be found guilty of
capital murder and sentenced to death. The trial court did not err in denying bail to Appellant;
therefore, Appellant's issue is overruled. 


Conclusion

 Having overruled Appellant's sole issue, the trial court's judgment is affirmed.

 SAM GRIFFITH 

 Justice



Opinion delivered January 30, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




































(DO NOT PUBLISH)


1. "A person is criminally responsible for an offense committed by the conduct of another if . . . acting with
intent to promote or assist, the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense." Tex. Pen. Code Ann. § 7.02 (a)(2) (Vernon 2003).


 "If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the
conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the
offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a
result of the carrying out of the conspiracy." Tex. Pen. Code Ann. § 7.02 (b).