

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,962

**BURTON LEON SPELL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPEAL FROM DENIAL OF BAIL
### CAUSE NO. 32809 IN THE 1ST DISTRICT COURT
### FROM JASPER COUNTY

**Per curiam.**

## O P I N I O N

This is an appeal from an order denying bail under Article 1, § 11a, of the Texas

Constitution.[1]  On January 6, 2013, while free on bail for several offenses, Appellant was

arrested and jailed for a new offense of burglary of a habitation.  On January 8, 2013,

---

[1]Article 1, §11a, provides in part:
Any person . . . accused of a felony less than capital in this State, committed
while on bail for a prior felony for which he has been indicted, . . .and upon
evidence substantially showing the guilt of the accused of the offense . . .
committed while on bail . . . may be denied bail pending trial, by a district
judge in this State, if said order denying bail pending trial is issued within
seven calendar days subsequent to the time of incarceration of the accused.

after a hearing on the State's motion, the trial court denied bail under Article 1, § 11a,

because Appellant is alleged to have committed a felony (burglary of a habitation) while

released on bail for a prior felony for which he had been indicted.   Appellant appealed,

contending that the State failed to present evidence "substantially showing" his guilt for

the burglary of a habitation.  He argues that the evidence shows, at most, evidence of a

criminal trespass.

At the hearing to deny bail, the State called Deputy William Land to testify about

the burglary.  Land stated that he met and spoke with the owners of a mobile home who

told him someone had broken into the home and removed copper wiring from the ceiling

fans. The owners did not live in the home, and told Land they did not know if any other

property was missing, but they could tell someone had been staying there without

permission.  Land also spoke with people who lived next door to the mobile home.  They

told him Appellant and his girlfriend had been staying at that home the week prior to the

deputy being there.

Under Art. 1, § 11a, the State has the burden to present evidence "substantially

showing" Appellant's guilt of the burglary.  This showing is "far less" than proof beyond

a reasonable doubt as is necessary at a trial on the merits.  *Lee v. State*, 683 S.W.2d 8, 9

(Tex.Crim.App. 1985); *Ex parte Moore*, 594 S.W.2d 449, 452 (Tex.Crim.App. 1980).

But that burden must be considered in light of the general rule that favors the allowance

of bail.

In the instant case the evidence does not substantially show Appellant's guilt of

burglary of a habitation.  Appellant had been staying in the home without permission

about a week before Deputy Land went out there.  But the owners of the home did not

live in the home and no evidence was presented to show when they had last checked the

home.  There was no showing how long the home had been uninhabited so as to provide a

time frame in which the theft of the copper wire could be determined.  Other than

Appellant's presence in the home for a week, no evidence connected him to the theft of copper wire.  See *Lee*, 683 S.W.2d at 9.  Given the absence of evidence concerning the timing of the theft in the uninhabited home, Appellant's presence in the home, without more, does not substantially show his guilt of burglary.  Accordingly, the trial court's order denying bail is set aside and the case is remanded to the trial court to set a reasonable bail.  No motion for rehearing will be entertained.


Delivered March 4, 2013
Publish